ROGER A. CARNAGEY (SBN 79005)
Attorney at Law
One Kaiser Plaza, Suite 601
Oakland, CA 94612
(510) 452-5005
(510) 451-2944 fax

Attorney for Plaintiff
EDWARD LEVINE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEVINE,<br><br>       Plaintiff,<br><br>    vs.<br><br>CITY OF ALAMEDA, a California Charter City, and JAMES M. FLINT, both individually and as City Manager for the City of Alameda,<br><br>       Defendants.<br>_____/ | Case No.<br><br>**COMPLAINT**<br><br>[DEMAND FOR JURY TRIAL] |

Plaintiff, for his complaint against the defendants, alleges:

**JURISDICTION AND VENUE**

1.  Plaintiff invokes this Court's jurisdiction under 28 U.S.C. §§1331 and 1343 on the ground that this action arises under the Fourteenth Amendment to the U.S. Constitution and under 42 U.S.C. §1983, <u>et seq</u>. Plaintiff invokes this Court's supplemental jurisdiction with respect to his claims based on the statutory and common law of California.

2.  The venue of this action is properly placed in the Northern District of California pursuant to 28 U.S.C. §1391 because plaintiff's claims arise in this district.

**PARTIES**

3.  Plaintiff Edward Levine ("Levine") is a 61-year-old male citizen of the United States who is a resident of Woodacre, Marin County, California. At all times material herein, Levine was a public employee in good standing of defendant City of Alameda ("City") and

employed as a permanent civil service employee by the City.

4. Defendant City is a charter city and public entity located within the State of California which maintains the civil service system under which Levine was employed.

5. Defendant James M. Flint ("Flint") is an individual and the City Manager for defendant City. At all times material herein, Flint was acting under color of law and outside the course and scope of his employment as City Manager with respect to Levine's employment and termination thereof.

**STATEMENT OF FACTS**

6. At all times hereinafter mentioned, plaintiff was employed by defendant City as a full-time employee covered by the Civil Service Rules promulgated and maintained by the City's Civil Service Board.

7. In or about November 2003, in an effort to harass and ultmately improperly discipline and dismiss plaintiff from his civil service position, Flint attempted to impose a Performance Improvement Plan ("PIP") upon Levine in contravention of the City's Civil Service Rules. Upon protest by Levine, Flint never implemented the proposed PIP.

8. On several occasions prior to November 2003, defendant Flint had indicated his dislike of Levine's work and expressed his predisposition to terminate Levine's employment.

9. On February 17, 2004, Flint advised Levine that his civil service position was being eliminated effective February 27, 2004 due to the withdrawal of funding by the Alameda Reuse and Redevelopment Authority ("ARRA") pertaining to a golf resort complex planned for the former Alameda Naval Air Station site. In his position as Property Development Manager, part of Levine's duties was to act as Project Manager for the proposed development. At the time of his termination, Levine was actually spending approximately 75% of his work time on a project other than the golf complex development. Although Flint stated that plaintiff was being "laid off," plaintiff is informed and believes that the stated reason for his termination was a pretext and sham for eliminating his civil service employment in that the specified funds were not in fact withdrawn by ARRA. Plaintiff is further informed and believes that he was the sole employee "laid off" by defendants due to funding cutbacks on February 17, 2004 and,

COMPLAINT                                -2-

subsequent to February 27, 2004, that his former job duties have been reallocated and assigned to other City employees, rather than eliminated. A true and correct copy of Flint's February 17, 2004 layoff notice is attached hereto as Exhibit 1.

10. On February 25, 2004, Levine submitted to Flint a written request for a pretermination due process hearing stating his belief that his termination was based upon pretext and sham reasons. On February 27, 2004, defendant City's Human Resources Director, Karen Willis, advised Levine that he was not entitled to such a pretermination hearing and, furthermore, possessed no appeal rights regarding his "lay off." A true and correct copy of Levine's February 25, 2004 request and the City's February 27, 2004 denial of any hearing rights are attached hereto as Exhibits 2 and 3, respectively.

11. The defendants proceeded in an arbitrary and bad faith manner in violation of plaintiff's due process rights by refusing to duly conduct either a pretermination or post-termination hearing regarding Levine's allegations that his singular layoff was a sham and pretext based upon false and unfounded reasons. Levine was entitled to such due process hearings under both state and federal law based upon his property interest in his permanent civil service employment protected under the Fourteenth Amendment to the United Stated Constitution and Article I, §7 of the California Constitution.

12. Individual defendant James M. Flint ("Flint") maintained the goal of separating Levine from his ongoing civil service position with City. Prior to February 27, 2004, Flint had expressed dislike for Levine's work and openly accused Levine of incompetence in the performance of his position as Property Development Manager on several occasions to other City employees and third parties. In November 2003, Flint sought to improperly impose a Performance Improvement Plan ("PIP") upon Levine in contravention of the applicable Civil Service Rules for defendant City. In early 2002, Flint initially opposed reclassification of to Levine's Property Development Manager position for which he was qualified and recommended by other managers. Furthermore, prior to February 27, 2004, Flint made various derogatory comments referring to Levine's age.

13. Subsequent to Levine's December 4, 2003 written protest of the PIP proposed by

COMPLAINT                                          -3-

Flint, Flint sought to establish an alternative basis for plaintiff's discharge other than good cause. In pursuit of his plan and goal, Flint fabricated a sham and pretext based upon financial factors in order to terminate Levine as stated in Exhibit 1 hereto.

14. Levine is informed and believes that since February 27, 2004 the job duties of Levine's former position, Property Development Manager, have been reallocated and assigned to one or more other City employees who are younger than plaintiff.

## INCORPORATION OF ALLEGATIONS

15. All of the allegations in each of the foregoing paragraphs are incorporated by reference into each of the following claims for relief as if fully set forth in each such claim.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

## (42 U.S.C. §1983, Deprivation of Due Process)

16. Defendants, acting under color of California law, subjected plaintiff to the deprivations of the following rights, privileges and immunities secured by the Constitution and laws of the United States when they decided not to grant either a pretermination or post-termination hearing to plaintiff and not to permit plaintiff to have access to a meaningful institutional remedy for violation of his rights.

(a) Defendants deprived plaintiff of his right to due process of law under the Fourteenth Amendment to the U.S. Constitution by refusing to acknowledge his right to a termination hearing and extend such right to him either before or after his termination date.

17. As a result of the foregoing deprivations, plaintiff has effectively been discharged unlawfully from his employment, has failed to obtain due process rights to which he would otherwise be entitled, has suffered anxiety and other distress since being advised in February 2004 that he would be laid off, has suffered humiliation and embarrassment as a result of being effectively discharged from City employment, has suffered and will continue to suffer lost wages and fringe benefits as an employee of the City of Alameda, and has suffered other compensatory damages to be proven at trial.

## SECOND CLAIM FOR RELIEF

### (California Fair Employment and Housing Act)

18.   The conduct of defendant City of Alameda as alleged in the foregoing claims for relief constitute discrimination because of plaintiff's age in violation of California Government Code §12940, et seq., Fair Employment and Housing Act. By virtue of this conduct the plaintiff has been damaged by these defendants in the manner set forth in paragraph 17 above which is incorporated herein by reference.

19.   Plaintiff has filed a timely complaint of age discrimination with the California Department of Fair Employment and Housing. On or about April 22, 2004, plaintiff received a notice of right to sue. Plaintiff has therefore exhausted his administrative remedies prerequisite to filing this action. This action is filed within the time frame specified in the notice. A true and correct copy of the DFEH complaint and notice of right to sue are attached hereto as Exhibits 2 and 3, respectively.

## MISCELLANEOUS ALLEGATIONS

20.   The defendants have at all times material to the foregoing claims acted willfully in disregard of plaintiff's legal rights and with malice toward the plaintiff. The defendants knew, or reasonably should have known, that their conduct was unlawful and specifically in violation of Civil Service Rules and the laws of California and the United States. At least by February 25, 2004, the defendants knew, or reasonably should have known, of the specific grounds for plaintiff's complaint about the sham and pretextual basis of his layoff; yet, the defendants took no action to cease their wrongful conduct and, in fact, committed further acts designed to cover up the patent deprivation of plaintiff's due process rights because of personal malice toward the plaintiff. Accordingly, plaintiff is entitled to exemplary and punitive damages to be paid by the defendants in such an amount as the jury may award.

21.   Plaintiff does not have a complete and adequate remedy at law and is thus entitled to injunctive and other equitable relief to remedy the violations of his rights.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court enter an order providing as follows:

COMPLAINT                                                    -5-

     (a)    That a declaratory judgment be issued that plaintiff's rights have been violated as alleged above;

     (b)    For reinstatement of plaintiff to his prior civil service position or equivalent employment with defendant City;

     (c)    That plaintiff have and recover from defendants, jointly and severally, back pay, front pay, compensatory damages, statutory liquidated, exemplary and punitive damages, and such other monetary relief as may be deemed appropriate in amounts to be determined at trial;

     (d)    That plaintiff recover from defendants, jointly and severally, prejudgment interest to the maximum extent permitted by law;

     (e)    That plaintiff recover from defendants, jointly and severally, his costs, including expert witness fees and reasonable attorney's fees, together with such other remedies as may be provided by law;

     (f)    And that the Court grant such other and further relief as it deems just and proper.

### **FRCP RULE 38(b) DEMAND FOR TRIAL BY JURY**

PLAINTIFF EDWARD LEVINE HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS FOR RELIEF STATED HEREIN PURSUANT TO RULE 38(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE.

Dated: April   , 2004

 

_____
ROGER A. CARNAGEY
Attorney for Plaintiff
EDWARD LEVINE

COMPLAINT    -6-