| | |
|---|---|
| 1 | LINDA A. TRIPOLI (SBN 100389)<br>Attorney at Law |
| 2 | One Blackfield Drive, No. 403<br>Tiburon, California 94920 |
| 3 | Telephone: (415) 380-8822<br>Facsimile: (415) 380-8868 |
| 4 | |
| 5 | Attorney for Defendants<br>CITY OF ALAMEDA and JAMES FLINT |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEVINE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ALAMEDA, a California Charter City, and JAMES M. FLINT, both individually and as City Manager for the City of Alameda,<br><br>Defendants. | Case No. C04-01780 CRB/ADR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGEMENT**<br>[Fed. R. Civ. P. 56]<br><br>Date: September 9, 2005<br>Time: 10:00 a.m.<br>Ctrm.: 8 (19th Floor)<br><br>Trial Date: None |

# TABLE OF CONTENTS

I. INTRODUCTION ...........................................................................................................1

II. STATEMENT OF FACTS ............................................................................................1

III. STATEMENT OF ISSUES TO BE DECIDED ...........................................................3

IV. SUMMARY OF ARGUMENT .....................................................................................3

V. LEGAL ARGUMENT ...................................................................................................4

   A. Defendants' Are Entitled To Judgment As A Matter Of Law On Plaintiff's 42 U.S.C §1983 Claim Because The Undisputed Material Facts Establish That The Elements Of Plaintiff's Claim Cannot Be Established And There Is A Complete Defense ........................................................................................................................4

   B. Plaintiff Cannot Establish Any Deprivation Of Due Process ................................4

      1. Plaintiff Received The Pre-Termination Due Process To Which He Was Entitled.........4

      2. Plaintiff Failed To Request A Post-Termination Hearing And, In Any Event, Received All Due Process To Which He Was Entitled ........................................9

   C. Plaintiff Has Failed To Carry His Burden Of Overcoming Defendant Flint's Claim Of Qualified Immunity ..........................................................................................11

   D. Plaintiff Has Not Pled Much Less Proven The Existence Of A Policy or Custom Of Denying Due Process To Employees Facing Layoff And Thus Cannot Establish Liability Against Defendant City Of Alameda ...................................................13

VI. CONCLUSION .............................................................................................................13

MEMO OF Ps & As IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMARY JUDGMENT
Levine v. City of Alameda and Flint
CASE NO. C-04-01780 CRB/ADR     - i -

# TABLE OF AUTHORITIES

**CASES**

*Bair v. Krug*, 853 F.2d 672 (9th Cir. 1998) .................................................................. 11

*Burrell v. City of Los Angeles*, 209 Cal.App.3d 568 (1989) ..................................... 3, 8

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) ..................................................... 4

*Clements v. Airport Authority*, 69 F.3d 321 (9th Cir. 1995) ..................................... 3, 5

*Coleman v. Department of Personnel Administration*, 52 Cal.3d 1102 (1991) ......... 7, 8, 9, 10

*Conn v. Gabbert*, 526 U.S. 286, 290 (1999) .............................................................. 11

*Crawford-El v. Britton*, 523 U.S. 574, 591 (1998) ..................................................... 12

*Davis v. Scherer*, 468 U.S. 183, 197 (1984) .............................................................. 11

*Duncan v. Department of Personnel Administration*, 92 Cal.Rptr.2d 257 (2000) ....... 4

*Dwyer v. Regan*, 777 F.2d 825 (2nd Cir. 1985) ........................................................ 7, 9

*Hafer v. Melo*, 502 U.S. 21 (1991) ............................................................................. 11

*Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F2d. 1542, 1555 (9th Cir. 1989) ....... 3

*Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ..................................................... 3, 12

*Kreutzer v. County of San Diego*, 153 Cal.App.3d 62, 70 (1984) ........................... 3, 13

*Lake County Estates, Inc. v. Lake Tahoe Regional Planning Agency*, 440 U.S. 391, 401 (1979) 11

*Malley v. Briggs*, 475 U.S. 335 (1986) ....................................................................... 12

*Maraziti v. First Interstate Bank*, 953 F.2d. 520, 523 (1992) .................................... 13

*Marshall v. Jerrico*, 446 U.S. 238, 242 (1980) .......................................................... 10

*Mathews v. Eldridge*, 424 U.S. 319, 334-5, (1976) ..................................................... 7

*Mennig v. City Council*, 86 Cal.App.3d 341 (1978) .................................................... 8

*Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978) ...................... 3, 13

*Morrissey v. Brewer*, 408 U.S. 471, 481 (1974) .......................................................... 7

*Perry v. Sindermann*, 408 U.S. 593, 603 (1972) .......................................................... 9

*Saucier v. Katz*, 533 U.S. 194, 202 (2001) ................................................................. 12

*Scheur v. Rhoades*, 416 U.S. 232 (1974) ................................................................... 11

**STATUTES**

42 U.S.C. §1983 ............................................................................................................. *passim*

**TREATISES**

Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* (The Rutter
  Group 2003), §14:159.30, §14:159.32. ................................................................... 12

## I. INTRODUCTION

The totality of evidence and law presented by the parties cross-motions for summary judgment on Plaintiff's claim for violation of 42 U.S.C. §1983 establish that Plaintiff was provided with notice of his layoff and was provided with an opportunity to respond, of which he availed himself. Plaintiff requested no additional due process nor was he entitled to any additional due process. In addition, the totality of the evidence and law presented by the cross-motions establish that Plaintiff cannot bear his burden of defeating individual Defendant Flint's qualified immunity because he cannot establish that Flint violated clearly established constitutional rights of which a reasonable person would have been aware. Nor has Plaintiff pled, much less proven, the existence of a policy, regulation, ordinance or custom of Defendant City of Alameda denying due process to employees being laid off which is required to establish liability against Defendant City of Alameda,. For all of these reasons, Defendants are entitled to judgment on Plaintiff's first claim for relief under 42 U.S.C. §1983 as a matter of law

## II. STATEMENT OF FACTS

Defendants refer to and incorporate by reference their statement of facts set forth in their moving papers filed on July 15, 2005.

In response to Plaintiff's proffered Statement of Facts, Defendants file herewith their Objections to Plaintiff's Evidence Produced In Support Of Motion For Summary Judgment. However, certain "facts" asserted by Plaintiff warrant addressing at this point.

Plaintiff asserts that prior to mid-January 2004, Grace Sagun Harley was directed to monitor Levine's work assignments to limit his work to the golf course project and AP Bond funded projects. Plaintiff's Amended Memorandum of Points and Authorities in Support of Motion for Summary Judgment, hereafter Plaintiff's Amended Brief, page 4, lines 24-26. In addition to being inadmissible hearsay, Plaintiff knows this to be a false assertion because Ms. Harley testified in the same deposition that she did not assign work to Plaintiff and she did not monitor his assignments, she only monitored the dollars he was being paid. Harley Depo. page

73, lines 8-13.[1] Furthermore, as addressed in Plaintiff's moving papers, since Plaintiff's position was funded by 1999 ARRA bond funds, under the law related to public financing bonds, a person in a position funded by tax-exempt bond funds may only work on eligible bond projects. See Declaration of Nanette Banks In Support Of Defendants' Motion For Summary Judgment, ¶2. Therefore, any monitoring of Plaintiff's assignments and/or restrictions placed thereon, given the legal requirements arising from the bond funding of his position, was required by law and is not evidence of pretext. In addition, as addressed in Plaintiff's moving papers, when Banks learned that Plaintiff had worked on the ACET project, a non-bond project, she worked with Plaintiff's supervisor Debbie Potter to determine the monetary amount which the ACET project needed to reimburse the 1999 ARRA bond fund and arranged for the ACET project to do so. Banks Declaration, ¶3.

Similarly, Plaintiff fails to support his asserted "facts" regarding the alleged assumption of Plaintiff's duties by Johnson and Akil after his layoff with competent, admissible evidence. Plaintiff asserts that after his layoff, the duties he had been performing were reassigned to Johnson. Plaintiff's Amended Brief, page 6, line 14 to page 7, line 1. At page 6, line 24, Plaintiff cites but did not file pages 26 to 47 of Johnson's deposition. Furthermore, those pages, even if they had been attached, do not state what Plaintiff asserts they state. Likewise, Plaintiff's assertion at page 7, lines 14 – 16 that Akil was assigned oversight responsibility for LAMBRA activities after Plaintiff's layoff is also without any evidentiary support. Plaintiff cites page 34 and pages 55 to 58 of the deposition of Potter (Plaintiff's Amended Brief page 7, line 16) to support that assertion. However page 34 does not support that assertion and Plaintiff failed to file pages 56 to 58 of Potter's deposition and even if they had been attached, they do not state what Plaintiff asserts they state.

Given the above, as well as the additional objections Defendants make to Plaintiff's evidence produced in support of his motion for summary judgment, Plaintiff fails to present

---

[1] Accompanying this Opposition is the Supplemental Declaration of Linda A. Tripoli which attaches true and correct copies of deposition excerpts referenced herein which were not previously filed with the Declaration of Tripoli accompanying Defendants' moving papers.

competent, admissible evidence in support of his motion for summary judgment as required by Federal Rule of Civil Procedure 56(c) and *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F2d. 1542, 1555 (9th Cir. 1989) and it should be denied.

### III. STATEMENT OF ISSUES TO BE DECIDED

1. Should Plaintiff's first claim for relief under 42 U.S.C. §1983 be adjudicated in favor of Defendants because Plaintiff cannot establish any underlying violation of a federal right?

2. Should Plaintiff's first claim for relief under 42 U.S.C. §1983 be adjudicated in favor of Defendant Flint because he is entitled to qualified immunity?

3. Should Plaintiff's first claim for relief under 42 U.S.C. §1983 be adjudicated in favor of Defendant City of Alameda because Plaintiff cannot establish that there was a policy or custom in place such as to trigger liability against Defendant City of Alameda?

### IV. SUMMARY OF ARGUMENT

I. Defendants Are Entitled To Judgment On Plaintiff's First Claim For Relief For Deprivation Of Due Process Under 42 USC §1983 Because Plaintiff Cannot Establish Any Underlying Violation Of A Federal Right, Because Defendant Flint Is Entitled To Qualified Immunity And Because Plaintiff Cannot Establish That There Was A Policy Or Custom In Place Such As To Trigger Liability Against Defendant City of Alameda.

    A.    Plaintiff Cannot Establish Any Deprivation Of Due Process.

           *Clements v. Airport Authority*, 69 F.3d 321 (9th Cir. 1995)
           *Burrell v. City of Los Angeles*, 209 Cal.App.3d 568 (1989)

    B.    Defendant Flint Is Entitled To Qualified Immunity.

           *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)

    C.    Plaintiff Has Not Proven The Existence Of A Policy or Custom Of Denying Due Process To Employees Facing Layoff And Thus Cannot Establish Liability Against Defendant City Of Alameda.

           *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978)
           *Kreutzer v. County of San Diego*, 153 Cal.App.3d 62, 70 (1984)

MEMO OF Ps & As IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMARY JUDGMENT
Levine v. City of Alameda and Flint
Case No. C-04-01780 CRB/ADR     - 3 -

## V. LEGAL ARGUMENT

**A. Defendants' Are Entitled To Judgment As A Matter Of Law On Plaintiff's 42 U.S.C §1983 Claim Because The Undisputed Material Facts Establish That The Elements Of Plaintiff's Claim Cannot Be Established And There Is A Complete Defense**

Summary judgment is appropriate if the pleadings on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986) To avoid summary judgment, the opposing party must demonstrate a genuine issue of material fact on all matters as to which he has the burden of proof. *Celotex Corp. v. Catrett, supra* 477 U.S. at 324.

As shown by the totality of these cross motions for summary judgment on Plaintiff's first claim for relief under 42 U.S.C. §1983, Plaintiff cannot demonstrate that a genuine issue of material fact exists on those matters about which he has the burden of proof. As a matter of law, Plaintiff cannot establish any deprivation of due process. As a matter of law, Plaintiff cannot overcome Defendant Flint's claim of qualified immunity. As a matter of law, Plaintiff has failed to plead, much less prove the existence of a policy or custom of denying due process to employees facing layoff. Given Plaintiff's failure of pleading and proof, Defendants are each entitled to summary judgment.

**B. Plaintiff Cannot Establish Any Deprivation Of Due Process**

**1. Plaintiff Received The Pre-Termination Due Process To Which He Was Entitled**

Contrary to Plaintiff's assertion in his moving papers, Defendants do not contend that Plaintiff was not entitled to pre-termination due process nor do Defendants rely upon *Duncan v. Department of Personnel Administration*, 92 Cal.Rptr.2d 257 (2000) to make such a contention. Instead, as set forth more fully in Defendants' moving papers, under applicable precedent, as a public employee facing layoff, Plaintiff was entitled to prior notice of his proposed layoff and

an opportunity to respond regardless of whether or not he contended his layoff was a sham or a pretext. *Clements v. Airport Authority*, 69 F.3d 321 (9th Cir. 1995).

Furthermore, as shown more fully in Defendants' moving papers in support of their motion for summary judgment (Section IV.D.1), it is undisputed that Plaintiff was provided with both prior notice of his proposed layoff and an opportunity to respond both in writing and verbally.

1. Plaintiff testified that he received advance written notice of his layoff from the City Manager and the layoff notice told him the reasons for the layoff. Levine Depo. 177:16-20; 180:14-20.[2]

2. Plaintiff testified that he wrote a letter to Flint, dated February 25, 2004, stating his objection to the layoff; namely, that the "basis for the layoff (i.e. withdrawal of funding by ARRA resulting in elimination of my position) is not factual and represents a sham and a pretext for my actual termination." Levine Depo. 180:21-181:3; Exhibit 3.

3. Plaintiff testified that he received the letter from Willis, dated, February 26, 2004. Plaintiff testified that Willis' letter offered to meet with him and listen to the concerns he had raised in his February 25, 2004 letter to the City Manager. Levine Depo. 182:17-183:13.

4. Plaintiff testified that he met with Willis prior to his leaving City employment. In the meeting, Plaintiff testified that he talked to Willis about the whole matter, the layoff process and procedures and he told her that he did not think the reasons for the layoff were true. Plaintiff testified that he told Willis that the reason offered was fantasy and that something was going on with Flint. Levine Depo. 183:14-185:4.

---

[2] See Declaration of Linda A. Tripoli (in two parts) accompanying Defendants' moving points and authorities already on file.

In Plaintiff's motion, he asserts that "Levine never received either a pre-termination or post-termination hearing regarding his layoff." (Plaintiff's Amended Brief, page 5, lines 8 – 9.) However, this legal conclusion does not legally or factually dispute the 4 facts stated above.

In evidentiary support of this legal conclusion, Plaintiff offers paragraph 9 of his Declaration which states, "The City of Alameda did not provide me with a pre-termination hearing, *as I requested* on February 25, 2004, or any post-termination hearing regarding my then claim that my layoff was a sham and pretext at any time." Plaintiff "glosses" over an important fact when transitioning from supporting "evidence" to legal argument and purported "undisputed facts." In his February 25, 2004 letter, Plaintiff requested a due process hearing by a "neutral third party." Plaintiff testified that when he stated in the letter that he wanted a "due process hearing by a neutral third party," he was asking for a hearing before a person who was not associated in any way with the City of Alameda, someone outside of the City of Alameda. Levine Depo. 177:21-179:19, Exhibit 3. As shown more fully in Defendants' moving papers and herein, Plaintiff was not entitled to a hearing before a "neutral third party" as defined by him. Therefore, Plaintiff's declaration that he was not provided with a pre-termination hearing "as I requested on February 25, 2004" does not dispute the above-listed facts which establish that Plaintiff was provided with notice of and an opportunity to respond to his layoff.[3] Thus, the undisputed facts establish that Plaintiff, having received notice of and an opportunity to respond to his layoff, was provided his due process. *Clements, supra* 69 F.3d at 331-322.

Plaintiff does not even reference, much less discuss *Clements*. Instead Plaintiff unnecessarily (and unsuccessfully) spends the majority of his brief in support of his motion for summary judgment attempting to establish that his layoff was a "sham" and a "pretext" in order to further his due process argument. However, as stated above, Plaintiff is entitled to notice of and an opportunity to respond to his layoff regardless of whether or not he contends the layoff is a sham or a pretext.

---

[3] Similarly, Plaintiff cannot create an issue of fact by a "sham" declaration contradicting his own deposition testimony. *Kennedy v. Allied Mutual Ins. Co.* 952 F.2d 262, 266 (9th Cir. 1991), *Martinez v. Marin Sanitary Serv.* 349 F.Supp.2d 1234, 1242 (2004)

As anticipated, Plaintiff attempts to expand applicable law in this Circuit and in California by urging this Court to adopt *part* of *dicta* from the Second Circuit's decision in *Dwyer v. Regan*, 777 F.2d 825 (2nd Cir. 1985). Plaintiff ignores that portion of the *dicta* from *Dwyer* wherein the Second Circuit, contrary to the legal holding of the Ninth Circuit in *Clements*, holds that a public employee is <u>not</u> entitled to pre-layoff due process if he or she is laid off for reasons of financial and/or organizational efficiency.

As addressed more fully in Defendants' moving Memorandum of Points and Authorities at Section IV.D.1, page 21, the legal holding in *Dywer* was that the district court incorrectly dismissed the entire complaint under Rule 12(b)(6) based on the Eleventh Amendment. The *Dwyer* court held that plaintiff's due process claim was not barred by the Eleventh Immunity and remanded the case stating that it was not persuaded that the complaint sufficiently alleged all facts prerequisite to a successful claim for denial of a pre-termination hearing because plaintiff had not alleged that he had requested one. *Dwyer, supra* 777 F.2d at 828-29, 833.

Plaintiff is asking this Court to expand *Clements* with regard to due process rights of public employees facing layoff by establishing a higher standard for neutrality in due process <u>pre</u>-termination hearings for public employees facing *layoff*, than that dictated by well-established legal precedent for neutrality in due process <u>post</u>-termination hearings for public employees who have been terminated for *misconduct*. Neither the facts of this case nor any legal principle warrant the establishment of such new case law.

It is well-established that when determining what process is constitutionally due, not all situations calling for procedural safeguards call for the same kind of procedure. Courts are to balance three distinct factors: 1) the private interest that will be affected by the official action, 2) the risk of erroneous deprivation of such interest through the procedures used and the probable value, if any, of additional or substitute procedural safeguards and 3) the government's interest. *Coleman v. Department of Personnel Administration*, 52 Cal.3d 1102, 1118-19 (1991), citing *Morrissey v. Brewer*, 408 U.S. 471, 481 (1974) and *Mathews v. Eldridge*, 424 U.S. 319, 334-5, (1976)

Courts have recognized that employees terminated for misconduct are entitled to greater due process than employees not terminated for misconduct because of the stigma that attaches to being terminated for misconduct. *Coleman, supra*, 52 Cal.3d at 1119-1121.

As argued in Defendants' moving papers, in *Burrell v. City of Los Angeles*, 209 Cal.App.3d 568 (1989), two Los Angeles city employees challenged the constitutionality of a city charter provision which only allowed the Los Angeles Civil Service Board to reduce an employee's disciplinary penalty in connection with his post-termination appeal if the same official who originally imposed the disciplinary action consented to the penalty reduction. The court reviewed both U.S. and California case law regarding post-termination due process hearings for employees discharged for misconduct.

The court found that under federal constitutional law, "the right to a fair and impartial tribunal is not violated by permitting the official who makes the initial disciplinary decision to have the final say in the matter." *Burrell, supra*, 209 Cal.App.3d at 579. Under federal constitutional law, absent a showing of either personal animosity or financial interest in the outcome of the decision, no due process rights are violated where an advisory opinion is rejected by the final decision-maker even if the final decision-maker is the person who made the initial disciplinary decision. *Burrell, supra*, 209 Cal.App.3d at 579-581. The court found that the California law was in accord with federal law and that mere involvement in an ongoing disciplinary proceeding does not preclude an individual from making the final appeal decision. Due process is only violated if the reviewer is demonstrably biased or has a personal or financial interest strongly suggesting a lack of impartiality. An appearance of bias is not enough to violate due process and a system which permits a city council, which originally dismissed an employee to make an ultimate decision overruling a civil service commission's findings and recommendations does not violate due process. *Burrell, supra*, 209 Cal.App.3d at 581-585, citing *Mennig v. City Council*, 86 Cal.App.3d 341 (1978).

In the present case, Plaintiff was provided advance notice of his layoff as well as the reason for his layoff. He was provided with the opportunity to and he did respond to Human Resources Director Karen Willis. There is no evidence in the record upon which to conclude

that Willis was not neutral. There is no evidence in the record showing either personal animosity nor financial interest in the outcome. In fact, Willis did not make the original decision and, as Human Resources Director, has the experience and expertise to analyze challenges to a layoff decision.

The *dicta* in *Dwyer* should not be persuasive to this Court. Federal and California case law is clear that the due process right to a fair and impartial post-termination hearing for an employee fired for misconduct is not violated by permitting the official who makes the initial disciplinary decision to have the final say in the matter, whether that official be the top administrator or the governing body. *Dwyer* contradicts cases before it and cases after it on the illogical, unsupported assertion that an employing agency is going to be more neutral when reviewing a termination for misconduct rather than a layoff for reorganization or fiscal reasons.

### 2. Plaintiff Failed To Request A Post-Termination Hearing And, In Any Event, Received All Due Process To Which He Was Entitled

Plaintiff's claim that his right to post-termination due process was violated fails because *Plaintiff never requested a post-termination due process hearing.* In order to create an issue of whether or not he is entitled to a post-layoff due process hearing, Plaintiff must request such a hearing and Plaintiff did not. *Perry v. Sindermann,* 408 U.S. 593, 603 (proof of property interest would obligate employer to "grant a hearing at [plaintiff's] request"). Even *Dwyer* recognized that, "if Dwyer made no request for either a pretermination hearing or an administrative posttermination hearing, the complaint should be dismissed." *Dwyer, supra,* 777 F.2d at 834-35.

However, even if Plaintiff had requested a post-termination due process hearing regarding his layoff, Plaintiff received all due process to which he was entitled. Instructive on what post-termination due process is required for a laid off employee, in the absence of any cases on point is *Coleman v. Department of Personnel Administration,* 52 Cal.3d 1102 (1991). *Coleman* addressed the question of what post termination due process is required to be given to a public employee who has been determined to have resigned under the AWOL provision

applicable to State of California employees versus an employee who is terminated for cause. The California Supreme Court held,

> For the reasons discussed above, we conclude that before the state can treat a permanent or tenured employee's unexcused absence for five consecutive working days as a constructive resignation under the AWOL statute, it must give the employee written notice of the action contemplated. The notice must advise the employee of the facts supporting the state's invocation of the AWOL statute. If the employee challenges the accuracy of the state's factual basis, the state must, as soon as practicable, give the employee an opportunity to present his or her version of the facts. To assure "the appearance and reality of fairness" in the decisionmaking process ( *Marshall v. Jerrico, supra,* 446 U.S. 238, 242 [64 L.Ed.2d 182, 188]) and to protect against a potential misuse of the AWOL statute, such an informal hearing must be before a neutral fact finder. Once the state has provided notice and an opportunity to respond, neither the federal nor the state Constitution requires anything more.
> *Coleman, supra* 52 Cal.3d at 1122-1123

A significant portion of the court's decision turned on the differences between the stigma associated with a termination for cause and an automatic resignation as well as the differences in the reemployment rights between the two. An employee terminated for cause is disqualified for future employment and an employee who has resigned can be reinstated. *Coleman, supra* 52 Cal.3d at 1119-1121.

Applying the holding and analysis of *Coleman* to the present case, an employee who is laid off faces even less stigma than an employee who has resigned and under the collective bargaining agreement between the City of Alameda and the Management and Confidential Employees Association (MCEA), possesses preferential rights to reemployment over those of an employee who resigns. As such, an employee laid off from employment is certainly due no more, but is probably due less process than an employee deemed to have resigned under an AWOL rule. In this case, the undisputed material facts establish that Plaintiff, terminated for layoff and not misconduct, was provided with notice and an opportunity to respond to Human Resources Director Karen Willis. As shown more fully above, Willis is a neutral, unbiased and impartial reviewer. Therefore, Plaintiff was provided with all due process to which he was entitled.

### C. Plaintiff Has Failed To Carry His Burden Of Overcoming Defendant Flint's Claim Of Qualified Immunity

Plaintiff confuses and thus incorrectly argues Eleventh Amendment immunity with common law qualified immunity for public officials. The Eleventh Amendment bars suits in federal court by private parties seeking to impose a liability which must be paid from public funds in the state treasury. Defendant City of Alameda is not a state agency; Defendant City of Alameda is a municipal corporation and the Eleventh Amendment is not applicable to it. Plaintiff correctly cites *Lake County Estates, Inc. v. Lake Tahoe Regional Planning Agency*, 440 U.S. 391, 401 (1979) for that proposition. Thus, Plaintiff's citations to *Scheur v. Rhoades*, 416 U.S. 232 (1974),[4] *Hafer v. Melo*, 502 U.S. 21 (1991) and *Bair v. Krug*, 853 F.2d 672 (9th Cir. 1998), each of which deals with state officials and questions of Eleventh Amendment immunity, are inapplicable.

Defendant Flint is asserting common law qualified immunity. When reviewing a claim of qualified immunity, the Supreme Court has made it clear that a court must first determine whether the plaintiff has alleged facts sufficient to show deprivation of an actual constitutional right. If the plaintiff has, then the court proceeds to determine whether that right was "clearly established at the time of the alleged violation." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).

In addition, the <u>plaintiff</u> in a 42 U.S.C. §1983 action has the burden of overcoming a claim of qualified immunity by showing that the right in question was clearly established at the time of the conduct in issue. *Davis v. Scherer*, 468 U.S. 183, 197 (1984) To defeat a public official's motion for summary judgment based on qualified immunity, plaintiff must show the official's conduct was *plainly unlawful* when it occurred. This requires the plaintiff to present evidence showing *no reasonable person* in defendant's position could have thought the facts justified the action taken. Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro.*

---

[4] Plaintiff cited the portion of *Scheur* (416 U.S. at 237) which ruled that Eleventh Amendment immunity did not shield a *state* official from claims alleging deprivation of federal civil rights under color of law. That portion of *Scheur* setting set forth a "totality of circumstances" test for qualified immunity was overruled in *Davis v. Scherer*, 468 U.S. 183, 191, (1984), which confirmed that public officials are entitled to qualified immunity if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware. *Harlow v Fitzgerald*, 457 U.S. 800, 818 (1982).

*Before Trial* (The Rutter Group 2003), §14:159.32, citing *Crawford-El v. Britton*, 523 U.S. 574, 591 (1998). If the public official's mistake as to what the law required was *reasonable*, the official is entitled to the qualified immunity defense. Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* (The Rutter Group 2003), §14:159.30, citing *Saucier v. Katz*, 533 U.S. 194, 202 (2001). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Saucier v. Katz*, 533 U.S. at 202, citing *Malley v. Briggs*, 475 U.S. 335 (1986). Defendant Flint is neither and is entitled to qualified immunity.

Plaintiff's motion fails to even address Defendant Flint's claim of qualified immunity and as a matter of law, Plaintiff has failed to carry his burden of overcoming said claim by showing that a public employee facing layoff had a constitutional right to notice and an opportunity to respond to a *third party* independent of and outside of his employer.

On the other hand, Defendants have presented applicable precedent that at the time of the underlying layoff, Plaintiff had no such right. For the reasons addressed above, the singular *Dwyer* case from the 2nd Circuit could not reasonably be viewed as "clearly established law" in the face of the rest of federal and California law on the pre-termination due process rights of public employees facing lay off. In addition, the undisputed facts establish that when Defendant Flint received Plaintiff's February 25, 2004 letter requesting "due process hearing by a neutral *third party,*" Defendant Flint forwarded it to Human Resources Director Karen Willis and told her to make sure Plaintiff's due process opportunities were respected. Flint Depo. 72:1-13.

Therefore, Defendant Flint is entitled to summary judgment based on qualified immunity because the evidence establishes that he did not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Defendant Flint's conduct was objectively reasonable measured by reference to law clearly established at the time of the layoff and he is entitled to immunity from Plaintiff's suit for money damages plead against him personally. *Maraziti v. First Interstate Bank*, 953 F.2d. 520, 523 (1992).

**D. Plaintiff Has Not Pled Much Less Proven The Existence Of A Policy or Custom Of Denying Due Process To Employees Facing Layoff And Thus Cannot Establish Liability Against Defendant City Of Alameda**

As argued in Defendants' moving papers, there is no "respondeat superior" liability under §1983. In order to find §1983 liability against Defendant City, Plaintiff must plead and bears the burden of proving the existence of a policy, regulation, ordinance or decision officially adopted by the entity's officers denying employees due process in connection with their layoff. *Monell v. Department of Social Services,* 436 U.S. 658, 691 (1978), *Kreutzer v. County of San Diego,* 153 Cal.App.3d 62, 70 (1984).

Nowhere in Plaintiff's Complaint does he plead that the City Council of Alameda had adopted a policy, regulation, ordinance or decision denying employees due process rights in connection with any layoff. Nor has Plaintiff proven the existence of such a policy, regulation, ordinance or decision. Thus, Plaintiff's §1983 claim against Defendant City of Alameda fails as a matter of law.

For the foregoing reasons, Defendants are each entitled to judgment on Plaintiff's first claim for relief under 42 U.S.C. §1983 as a matter of law.

## VI. CONCLUSION

Based on the foregoing points and authorities, Defendants respectfully request the Court deny Plaintiff's motion for summary judgment, grant Defendants' motion for summary judgment and dismiss Plaintiff's Complaint in its entirety.

Dated: August 26, 2005          Respectfully submitted,

By:

_____/S/_____
Linda A. Tripoli
Attorney for Defendants CITY OF ALAMEDA and JAMES FLINT