1  LINDA A. TRIPOLI (SBN 100389)
   Attorney at Law
2  One Blackfield Drive, No. 403
   Tiburon, California 94920
3  Telephone: (415) 380-8822
   Facsimile: (415) 380-8868
4
   Attorney for Defendants
5  CITY OF ALAMEDA and JAMES FLINT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEVINE,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF ALAMEDA, a California Charter City, and JAMES M. FLINT, both individually and as City Manager for the City of Alameda,<br><br>    Defendants. | Case No. C04-01780 CRB/ADR<br><br>**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE PRODUCED IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br>**[Fed. R. Civ. P. 56]**<br>Date:    September 9, 2005<br>Time:   10:00 a.m.<br>Ctrm.:   8 (19th Floor)<br>Trial Date: None |

Defendants submit the following objections to Plaintiff's evidence produced in support of his motion for summary judgment.

1. Defendants object to the evidence offered to support Plaintiff's assertion in his Amended Brief at page 4, lines 4-5 that Defendant Flint had previously indicated a motivation to get rid of Plaintiff and that Defendant Flint had "it in" for Levine on the ground that it constitutes inadmissible (double) hearsay under Federal Rule of Evidence, Rule 802.

2. Defendants object to the evidence offered to support Plaintiff's assertion in his Amended Brief at page 4, lines 23 that Defendant Flint made the decision to lay Plaintiff off "in or about October 2003" because Defendant Flint's testimony at page 105, lines 10-21 does not state what Plaintiff asserts it states. Defendant

-1-

Flint testified that he made the decision to lay off Plaintiff after the City Council decided to abandon moving forward with seeking a developer and financing the project, meaning the Golf Course and Hotel project. The City Council took that action on February 4, 2004. See Potter Depo. 179:3-14; 180:14-24 attached to Declaration of Linda A. Tripoli in Support of Motion for Summary Judgment (Part 2).

3. Defendants object to the evidence offered to support Plaintiff's assertion in his Amended Brief at page 4, lines 24-26 of his Brief that prior to mid-January 2004, Grace Sagun Harley was directed to monitor Levine's work assignments on the ground that it constitutes inadmissible hearsay under Federal Rule of Evidence, Rule 802. Defendants further object to the evidence offered because Plaintiff knows or should know that it is contradictory to other testimony of Harley in which she testified that she did not assign work to Plaintiff and she did not monitor his assignments, she only monitored the dollars he was being paid. Harley Depo. page 73, lines 8-13 attached to Supplemental Declaration of Linda A. Tripoli in Opposition to Plaintiff's Motion for Summary Judgment.

4. Defendants object to the evidence offered to support Plaintiff's assertion in his Amended Brief at page 5, lines 3-5 regarding the content of Willis' February 26, 2004 letter to Plaintiff because Plaintiff's deposition at 182:17-183:7 does not state what Plaintiff asserts it states. The best evidence of what Willis' letter states is the letter itself.

5. Defendants object to the evidence offered to support Plaintiff's assertion in his Amended Brief at page 5, lines 8-9 that Plaintiff never received either a pre-termination hearing or post-termination hearing on the ground that the assertion does not accurately reflect paragraph 9 of Plaintiff's Declaration. Defendants' further object to the evidence on the ground that it contradicts Plaintiff's deposition testimony on file herein. *Kennedy v. Allied Mutual Ins. Co.*, 952 F.2d

262, 266 (9th Cir. 1991); *Maritnez v. Marin Sanitary Serv.,* 349 F.Supp.2d 1234 (2004).

6. Defendants object to the evidence offered to support Plaintiff's assertion in his Amended Brief at page 6, line 14 to page 7, line 1 that Elizabeth Johnson assumed his duties after his layoff because Plaintiff failed to file pages 26-47 of Johnson's deposition and even if they had been properly filed, they do not state what Plaintiff asserts they state.

7. Defendants object to the evidence offered to support Plaintiff's assertion in his Amended Brief at page 7, lines 14-16 that Lucretia Akil was assigned oversight responsibility for LAMBRA activities after his layoff because pages 34 and 55 of Potter's deposition do not support that assertion. In addition, Plaintiff failed to file pages 56-58 of Potter's deposition, however, even if they had been properly filed, they do not state what Plaintiff asserts they state.

8. Defendants object to the evidence offered to support Plaintiff's assertion in his Amended Brief at page 7, lines 20-23 that the City of Alameda continues to fund much of the work done by employees with AP Bond funds because page 123, line 6 to page 126, line 3 of Potter's deposition does not state what Plaintiff asserts it states. Further, Defendants object to the additional evidence offered of Harley's deposition at page 97, line 5 to page 98, line 21 because Harley's testimony lacks any foundation of personal knowledge and is therefore inadmissible under Federal Rule of Evidence, 602. (For competent testimony on this issue, see Decl. of Nanette Banks in Support of Defs. Motion for Summary Judgment, ¶¶1 and 4.)

DATED: August 26, 2005.  Respectfully submitted,

LINDA A. TRIPOLI

/S/
Attorney for Defendants CITY OF ALAMEDA and JAMES FLINT

-3-