LINDA A. TRIPOLI (SBN 100389)
Attorney at Law
One Blackfield Drive, No. 403
Tiburon, California 94920
Telephone: (415) 380-8822
Facsimile: (415) 380-8868

Attorney for Defendants
CITY OF ALAMEDA and JAMES FLINT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD LEVINE,

    Plaintiff,

vs.

CITY OF ALAMEDA, a California Charter City, and JAMES M. FLINT, both individually and as City Manager for the City of Alameda,

    Defendants.

Case No. C04-01780 CRB/ADR

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S EVIDENCE PRODUCED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**
**[Fed. R. Civ. P. 56]**
Date: September 9, 2005
Time: 10:00 a.m.
Ctrm.: 8 (19th Floor)
Trial Date: None

Defendants submit the following objections to Plaintiff's evidence produced in opposition to Defendants' motion for summary judgment.

1. Defendants object to the evidence offered to support Plaintiff's assertion, made for the first time in his Opposition Brief at page 4, lines 25-28, that he had previously voiced his concerns about the details of the project financing to his supervisors both verbally and in writing and that those *written* reports and memos would have regularly been sent to the City Manager's office.

    a. Defendants object to Plaintiff's purported summary of documents because he has not produced the documents in question and thus he fails to produce admissible evidence in support of his assertions regarding the alleged reports. Federal Rule of Evidence, Rule 1002.

-1-
DEFS. OBJECTIONS TO PLAINTIFF'S EVIDENCE PRODUCED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
Levine v. City of Alameda and Flint
Case No. C-04-01780 CRB/ADR

b. Defendants also object on the grounds that Plaintiff's Supplemental Declaration (¶6) in support constitutes inadmissible hearsay under Federal Rule of Evidence, Rule 802.

c. Defendants object to the portion of the assertion supported by ¶6 of Plaintiff's declaration that the alleged reports were forwarded to the City Manager's office based on the lack of any showing of personal knowledge required by Federal Rule of Evidence, Rule 602.

2. Defendants object to the evidence offered to support Plaintiff's assertion in his Opposition Brief at page 4, line 28 to page 5, line 5 that he requested a postponement of the October 24, 2003 ARRA closed session and that his supervisor directed him to proceed with the staff report and omit discussion of the project financing options on the ground that ¶7 of Plaintiff's Supplemental Declaration contains inadmissible hearsay under Federal Rule of Evidence, Rule 802.

3. Defendants object to the evidence offered to support Plaintiff's assertion that Banks provided Harley "written instructions" regarding Harley's monitoring of Levine's work assignments after Banks had met with Defendant Flint in his Opposition Brief at page 5, line 24 to page 6, line 2.

a. Defendants object to Plaintiff's counsel's bad faith assertion in violation of Federal Rule of Civil Procedure, Rule 11, that Harley understood Banks to have met with Defendant Flint. Plaintiff's counsel intentionally failed to attach the rest of Harley's testimony, two pages later, during which Harley testified that Banks had not met with Defendant Flint but rather with Assistant City Attorney Terri Highsmith, rendering both the alleged conversation and Banks' notes from that conversation, attached as Exhibit B to Carnagey's Supplemental Declaration inadmissible, attorney-client privileged material. See two pages later, at page 75, lines 3-4, attached as Exhibit 1 to Second Supplemental Declaration of Linda A. Tripoli.

-2-

      b. Defendants also object on the ground that Plaintiff's counsel, in violation of Rule 11, intentionally failed to fully disclose the relevant record to the Court in that, on the record in Harley's deposition, Defendants' counsel represented to him that the notes reflected in the bottom half of Exhibit B attached to his Supplemental Declaration (which Harley produced, on her own initiative, to Carnagey without authorization from Defendants)[1] were attorney-client privileged notes. See page 75, line 3 to page 81, line 20 attached under Exhibit 1 to Second Supplemental Declaration of Linda A. Tripoli. Furthermore, Plaintiff's counsel, in violation of Rule 11, intentionally failed to fully disclose the relevant record to the Court in that Defendants made Banks available a second time for deposition to address the privileged nature of Exhibit B. Plaintiff's counsel fails to disclose to the Court that Banks testified that her notes, reflected at the bottom of Exhibit B, were taken during a conversation with the City Attorney's Office, specifically Terri Highsmith, and that Banks testified that she had the conversation with the Assistant City Attorney in order to assist in the implementation of Plaintiff's layoff, including seeking legal advice relative to the bond funding of Plaintiff's position. See Exhibit 2 attached to Second Supplemental Declaration of Linda A. Tripoli. Based on the testimony of Banks, Defendants' object to Exhibit B attached to Carnagey's Supplemental Declaration and to all assertions related to Exhibit B, including the testimony of Harley, on the ground of attorney-client privilege. Federal Rule of Evidence, Rule 501 and California Evidence Code Section 954.

      c. In addition, as done previously, Defendants object on the ground that it constitutes inadmissible hearsay under Federal Rule of Evidence, Rule 802.

---

[1] At the time Harley produced the notes, she was on leave from the City. Harley subsequently resigned. Banks did not realize the notes were missing until Harley produced them to Plaintiff's counsel and he produced them to Defendants' counsel.

-3-

d. In addition, also as done previously, Defendants further object to the evidence offered because Plaintiff knows that it is contradictory to other testimony of Harley in which she testified that she did not assign work to Plaintiff and she did not monitor his assignments, she only monitored the dollars he was being paid. That contradictory evidence is included in the deposition excerpts attached by Plaintiff of the deposition of Harley, at page 73, lines 8-13.

DATED: September 2, 2005.

Respectfully submitted,

LINDA A. TRIPOLI

_____/S/_____
Attorney for Defendants CITY OF ALAMEDA and JAMES FLINT

-4-

DEFS. OBJECTIONS TO PLAINTIFF'S EVIDENCE PRODUCED IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT
Levine v. City of Alameda and Flint
Case No. C-04-01780 CRB/ADR