IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEVINE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>CITY OF ALAMEDA and JAMES M. FLINT,<br><br>　　　　　Defendants.<br>_____/ | No. C 04-01780 CRB<br><br>**ORDER GRANTING LEAVE FOR PARTIES TO FILE SUPPLEMENTAL BRIEFING IN SUPPORT OF CROSS MOTIONS FOR SUMMARY JUDGMENT** |

　　　Plaintiff Edward Levine asserts in his suit under 42 U.S.C. §1983 that his constitutional due process rights were violated when he was laid off by defendants. Defendants asserts that plaintiff's due process rights were satisfied, that defendant James Flint enjoys qualified immunity, and that plaintiff cannot establish the existence of a city policy or custom of denying due process as is required. The Court held a hearing regarding cross motions for summary judgment on September 9, 2005.

　　　As discussed in open court, the Court grants both parties leave to file supplemental briefing in support of the cross motions for summary judgment. In particular, the Court directs the parties to address the following issues:

　　　1) The legal standard, as it currently exists in the Ninth Circuit, for procedural due process as it relates to a *pre-termination*, *not-for-cause* layoff. The parties should specifically address whether the City must provide an opportunity to be heard before a "neutral," or, in any event, whether the hearing officer must have decision-making authority

in order to provide a meaningful opportunity to be heard. In addition, the parties should address whether plaintiff's due process rights would be satisfied if the City grants plaintiff a meaningful opportunity to be heard at this stage. Finally, defendants should include more detail about the meeting that took place on February 26, 2005 or February 27, 2005 between plaintiff and Karen Willis, as well as what role Ms. Willis played in that meeting and whether there were any internal discussions about the meeting with defendant Flint or anyone else thereafter.

2) Whether and to what extent this legal standard for due process may be altered *in this instance* by requiring an opportunity to be heard by a third-party. See Dwyer v. Regan, 777 F.2d 825 (2nd Cir. 1985).

3) What damages would still be available to plaintiff if the Court grants qualified immunity to defendant Flint and determines that the City is not liable. In particular, the parties should address whether back pay would be available.

The parties are free to conduct further depositions in support of their motions. Any supplemental briefing shall be filed no later than November 18, 2005, at which time the Court will determine whether another hearing is warranted. The parties are directed to limit their briefs to a maximum of 10 pages.

**IT IS SO ORDERED.**

Dated: September 13, 2005

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE