ROGER A. CARNAGEY (SBN 79005)
Attorney at Law
One Kaiser Plaza, Suite 601
Oakland, CA 94612
(510) 452-5005
(510) 451-2944 fax

Attorney for Plaintiff
EDWARD LEVINE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EDWARD LEVINE,

    Plaintiff,

vs.

CITY OF ALAMEDA, a California Charter City, and JAMES M. FLINT, both individually and as City Manager for the City of Alameda,

    Defendants.
_____/

Case No. C04-01780 CRB

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Hearing Date: December 9, 2005
Time: 10:00 a.m.
Place: Courtroom No. 8, 19th Floor
       Hon. Charles R. Breyer

    Plaintiff Edward R. Levine hereby submits the following additional points and authorities pursuant to the Court's order dated September 13, 2005 and the issues specified therein.

**I.    THE LEGAL STANDARD FOR PROCEDURAL DUE PROCESS**

    The legal standard for procedural due process in the context of a bona fide, good faith reduction in force ("mass layoff") or other more limited layoff of one or two individuals is that the effected individuals be provided <u>pre-termination</u> notice and an opportunity to respond to the layoff notice before <u>the authority who initially imposed the personnel decision</u>. <u>Clements v. Airport Authority of Washoe County</u> (9th Cir. 1995) 69 F.3d 321, 331-332; <u>Cleveland Board of Educ. v. Loudermill</u> (1985) 470 U.S. 532, 541, 105 S.Ct. 1487; <u>Skelly v. State Personnel Bd.</u> (1975) 15 C.3d 194, 215, 124 C.R. 14. Although the initial pre-termination hearing need not take place before an impartial decisionmaker (<u>Walker v. City of Berkeley</u> (9th Cir. 1991) 951 F.2d 182, 183-

184), any post-termination hearing procedure must provide for an impartial decision maker. Moreover, a layoff decision must be exercised in good faith and not used as a weapon to effectuate a discharge of an employee otherwise protected by civil service rules, i.e., pretext.[1] Rexstrew v. City of Huntington Park (1942) 20 Cal.2d 630, 633; Trujillo v. City of Los Angeles (1969) 276 C.A.2d 333, 339, 81 C.R. 146, 150. In other words, absent a good faith layoff in the bona fide interests of economy and efficiency, a civil service employee enjoys a Fourteenth Amendment interest in his job which entitles him to procedural due process protections before any deprivation of employment occurs.

**A. THE HUMAN RESOURCES DIRECTOR, KAREN WILLIS, DID NOT POSSESS THE REQUISITE AUTHORITY TO CONDUCT ANY MEANINGFUL DUE PROCESS PROCEEDING**

Karen Willis was hired by defendant Flint as Human Resources Director through a non-competitive process in 2002 and had previously worked with him in New Mexico. (2nd Supp. Decl. of R. Carnagey, Ex. 1, 127:14-128:5) Willis was a non-civil service employee who could be terminated at any time by Flint with no reason. (2nd Supp. Decl. of R. Carnagey, Ex. 1, 130:23-131:5)

Willis met with Levine on February 26 or 27, 2004 for approximately five minutes in a non-scheduled meeting. (2nd Supp. Decl. of Roger A. Carnagey, Ex. 1, 105:2-16; 106:15-24. At that time, she had already concluded that Levine had no appeal or due process hearing rights regarding the layoff decision basis and she was proceeding only under the layoff procedure contained in the applicable memorandum of understanding with Levine's labor union. (2nd Supp. Decl. of R. Carnagey, Ex. 1, 134:11-23; 142:3-20; 152:25-153:5) At the time of this abbreviated

---

[1] The concept of "pretext" under federal and state laws in a discrimination context encompasses a wide variety of situations applicable to both private and public employees who fall within a "protected category" (such as gender, race, sex, religion, ethnicity, etc.). Unlike those situations wherein a public employee claims a pretextual layoff based upon employment discrimination, plaintiff's claim of a pretextual layoff aimed at depriving him of his constitutional right to due process is limited by the requirements that he demonstrate a protected property interest, a lack of notice and an opportunity to be heard and, in an individual layoff scenario, the defendants' ability to present evidentiary facts that support the bona fine interests of economy and efficiency (e.g., lack of funding) in the first instance. cf. McDonnel Douglass Corp. v. Green, 411 U.S. 792 (1973) and Rextrew, supra. As such, since February 17, 2004, the City has at all times been able to offer objectively demonstrable evidence of the fiscal and budgetary underpinnings of Levine's layoff. However, the record reflects that Flint chose to engage in a surreptitious process of manufacturing a layoff scenario for Levine rather than discharging Levine for cause, thus entitling Levine to a full evidentiary hearing. (See Plaint. Memo. of Pts. and Auth. in Oppos. to Def. Mot. for Summ. Jdgmt., pp. 10-11)

PLAINTIFF'S SUPPLEMENTAL MEMO OF P&A
RE: CROSS-MOTIONS FOR SUMM. JUDGMENT     2

meeting, Willis had no authority to overrule or change Flint's existing layoff decision, such being solely the authority of the City Council, Civil Service Board, or Flint himself. (2nd Supp. Decl. of R. Carnagey, Ex. 1, 107:15-22; 108:15-109:1, 121:20-122:16; 155:8-21; 157:14-22) Willis would have urged Flint to change his decision only in the event that Levine presented her with some new information regarding his claim that the layoff was a sham and pretext for his actual discharge, <u>although Willis never actually advised Levine of her position</u>. (2nd Supp. Decl. of R. Carnagey, Ex. 1, 162:18-163:19; 163:23-164:7)

When she met with Levine in February 2004, Willis understood that <u>Skelly v. State Personnel Board</u>, <u>supra</u>, required that the person conducting the pre-termination due process hearing must have the authority to change the initial decision. (2nd Supp.Decl. of R. Carnagey, Ex. 1, 138:21-140:15) As of February 26, 2004, the City of Alameda's practice and procedure was to have the person responsible for the initial personnel decision conduct the pre-termination due process hearing because <u>that</u> individual possessed the authority to overrule or change their decision. (2nd Supp. Decl. of R. Carnagey, Ex. 1, 165:11-166:2)

Subsequent to the February 2004 discussion with Levine, Willis did not speak with Flint or anyone other than the City Attorney's office about Levine's layoff circumstances. (2nd Supp. Decl. of R. Carnagey, Ex. 1, 142:21-144:9; 149:15-22)

In light of these facts, defendants cannot seriously contend that the meeting between Willis and Levine on February 26 or 27, 2004 even marginally comports with the due process standards extant in the Ninth Circuit. Defendants have totally failed to establish that Willis possessed any authority to alter or change the layoff decision announced by defendant Flint on February 17, 2004.

### B. THE EFFECT OF ORDERING ANY DUE PROCESS HEARING AT THIS STAGE

The Court has the authority to order defendant City of Alameda to convene and conduct a due process evidentiary hearing in plaintiff's case under such circumstances that comport with due process requirements. <u>Perry v. Sinderman</u> (1972) 408 U.S. 593, 92 S.Ct. 2694. The effect of such an order (assuming compliance by the City) would be to terminate the accrual of back pay and any

other damages as of the date of the decisionmaker's final decision in this matter. Barber v. State Personnel Board (1976) 18 C.3d 395, 134 C.R. 206; Roe v. State Personnel Board (2004) 120 C.A.4th 1029; 16 C.R. 207. Of course, the neutral decisionmaker hearing Levine's case would be free to award other remedies such as front pay and reinstatement.

## II. THE LEGAL STANDARD SHOULD BE ADAPTED UNDER THE DWYER CASE AND SPECIFIC FACTS

Under the specific and narrow factual scenario of this case the Court should modify the "notice and opportunity to respond" applicable to layoffs espoused in Clements, supra. Such an adaptation is appropriate in order to protect public employees from the bad faith actions of public officials who may seek to impermissibly utilize the layoff process as a mask for good cause termination, thereby depriving the effected employee of his/her due process rights to both a pre-termination and post-termination hearing.

In Dwyer, the Court found that an employee complaint of a pretextual and sham layoff gave rise to a right to a hearing and opportunity to challenge the official action. Absent such a hearing right, the employee's property interest in public employment would not be properly protected by due process. Additionally, the Dwyer Court considered the deterrent effect that such a hearing right would have upon any inclination to remove an employee based upon pretext or sham.

This Court should follow Dwyer in order to achieve the same goals in this case. Levine should be held entitled to a pre-termination hearing before a neutral person or entity outside the City's authority in order to present his side of the facts. Such a fact finder would not be available within the City's operational structure because (1) the impermissible acts and motives of the City through its City Manager, Jim Flint, are the focal issues, (2) this litigation has created an adversarial relationship between plaintiff and defendants (see Clements, supra, at 332), and (3) the defendants have previously failed to provide any person with authority to overrule Flint's layoff decision to conduct a pre-termination hearing for Levine. However, it is now too late to conduct such a hearing due to the almost two years elapsed since Levine's layoff.

With regards to the post-termination hearing, this Court should find that plaintiff, by his

request for a pre-termination evidentiary hearing before a third party neutral and Karen Willis' unequivocal and all-encompassing statement that Levine has "no appeal right" (including any hearing rights whatsoever) by her February 26, 2004 letter, was entitled to a full evidentiary hearing as though he had been discharged for good cause. Loudermill, supra. Such a hearing could be conducted by either the Civil Service Commission (as set forth in the applicable memorandum of understanding with Levine's employee association) or a third party arbitrator upon whom the parties agree.

### III.   THE DAMAGES AVAILABLE TO PLAINTIFF[2]

Assuming arguendo that the Court grants defendant Flint's request for qualified immunity[3] and finds only defendant City of Alameda liable, the following damages would remain available to Levine:

/////

---

[2] Although the Court's September 13, 2005 order premises this issue on Flint's qualified immunity and a finding of no liability on the part of the City, such assumptions would result in no damages available to Levine since neither defendant would be liable. In view of comments from the bench at the September 9, 2005 summary judgment hearing regarding Flint's qualified immunity only, plaintiff assumes arguendo that the Court order refers to liability on the part of defendant City only

[3] Defendant Flint claims qualified immunity on the basis that no "clearly established law" existed of which he would have reasonably been aware. (Def. MPA in Supp. of MSJ, pp. 24-25) As a general principle defendant is correct, but Flint disregards other law on the issue. Myers v. Boca (CD Cal. 2004) 325 Fed.Supp. 1095, 1113. ("A right can be clearly established even though there was no binding precedent in this circuit at the time of this violation." Lum v. Jensen (9th Cir. 1989) 876 F.2d 1385, 1387 cert. denied, 493 U.S. 1057 (if no decisional law in 9th Circuit, court looks to all decisional law in other circuits and district court or, if few such cases, court evaluates likelihood that this Circuit or Supreme Court would reach same result as courts already having considered issue). In the present case, City Manager Flint acted as the final policymaker on all City personnel matters. (Plaint. MPA in Opp. to Def. MSJ, p. 10:11-12) As the City Manager he was responsible for assuring protection of Levine's due process rights. Lytle v. Carl (9th Cir. 2004) 382 F.3d 978, 983 ("policy encompasses course of action tailored to a particular situation and court looks to whether individual has final authority in that particular area or on a particular issue). When Flint directed the layoff of Levine, the law was clearly established that Levine was entitled to at least fair notice and a meaningful opportunity to respond. Rather than offer that opportunity to Levine or conduct further investigation of Levine's entitlement to a hearing, Flint continued his bad faith course of conduct by arbitrary delegation of the matter to Karen Willis, who had no authority to alter the layoff decision. Furthermore, Flint's pre-layoff actions of imposing the PIP on Levine (to which Levine objected as a precursor to his eventual discharge), undocumented criticism of Levine's work and the foreclosure of other work and efforts to deprive plaintiff of his due process rights as reflected in Exhibit 38 (Plaint. MPA in Opp. to Def. MSJ, pp. 5:24-6:2; 10-12) indicate bad faith on Flint's part. As of February 17, 2004, it was clearly established state law that a public official must act in good faith when implementing a layoff decision. Rexstrew, supra. These facts remove Flint from qualified immunity protection because he could have ascertained that state and federal cases (such as Dwyer and Duncan) had suggested or found that public employees such as Levine were entitled to a due process hearing when claiming pretext and sham incidental to a layoff. These facts also establish that Flint's decision was not "random or unauthorized" nor need it be an official "custom, policy or practice." Parrat v. Taylor, 451 U.S. 527, 101 S.Ct. 1908 (1986)

PLAINTIFF'S SUPPLEMENTAL MEMO OF P&A
RE: CROSS-MOTIONS FOR SUMM. JUDGMENT        5

|   |   |
|---|---|
| 1 | A. <u>Back pay</u> - <u>Barber, supra</u>, <u>Roe, supra</u>.  Defendant City is not protected from |
| 2 | such a back pay award under the Eleventh Amendment because the City is not a state agency |
| 3 | which thus requiring payment of any award from "state treasury funds."  <u>Edelman v. Jordan</u> 415 |
| 4 | U.S. 651, 677; 94 S.Ct. 1347, 1362. |

A. <u>Back pay</u> - <u>Barber, supra</u>, <u>Roe, supra</u>.  Defendant City is not protected from such a back pay award under the Eleventh Amendment because the City is not a state agency which thus requiring payment of any award from "state treasury funds."  <u>Edelman v. Jordan</u> 415 U.S. 651, 677; 94 S.Ct. 1347, 1362.

B. <u>Reinstatement</u> - The Court has authority to order reinstatement under <u>Perry v. Sindermann</u>, 408 U.S. 593, 603, 92 S.Ct. 2694, 2700 (1972), and <u>Edelman, supra</u> at 664.  However, the Court must determine whether reinstatement is appropriate and feasible.  <u>Cassino v.Reichold Chem. Inc.</u> (9th Cir. 1987) 817 F.2d 1338, 1346.

C. <u>Front pay in lieu of Reinstatement</u> - An award of future lost earnings is warranted if the Court finds that reinstatement is <u>not</u> feasible.  <u>Blum v. Witco Chem. Corp.</u>, 829 F.2d 367, 373-374.

D. <u>Mental and Emotional Distress</u> - <u>Dejesus v. Village of Pelham Village</u> (SDNY 2003) 282 F.Supp.2d 162; <u>Vanelli v. Reynolds School Dist. No.7</u> (9th Cir. 1982) 667 F.2d 773, 781.

E. <u>Prejudgment Interest</u> - <u>Golden State Transit Corp. v. City of Los Angeles</u> (CD Cal.1991) 773 F.Supp. 204.

F. <u>Attorneys Fees</u> - <u>Jackson v. Austin</u> (D.Kansas 2003) 267 F.Supp. 1059.

Dated:  November 18, 2005

/s/  
ROGER A. CARNAGEY  
Attorney for Plaintiff  
EDWARD LEVINE

# PROOF OF SERVICE

The undersigned states:

I am a citizen of the United States and I am employed in the County of Alameda, State of California; I am over the age of 18 years and not a party to the within action; my business address is 405 14th Street, Suite 217, Oakland, CA 94612.

On the date shown below, I caused to be served:

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM OF POINTS AND AUTHORITIES RE: CROSS-MOTIONS FOR SUMMARY JUDGMENT**

**PLAINTIFF'S NOTICE OF MANUAL FILING**

on the interested parties shown below in said action, by placing a true copy thereof enclosed in a sealed envelope, with first class postage fully prepaid thereon, in the United States mail at Oakland, California, addressed as follows:

Linda Tripoli
Attorney at Law
One Blackfield Drive, No. 403
Tiburon, CA 94920

**AND**

by E-mail to:

Linda@tripolilaw.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed at Oakland, California on November 18, 2005.

/s/
JUDY LYONS