LINDA A. TRIPOLI (SBN 100389)
Attorney at Law
One Blackfield Drive, No. 403
Tiburon, California 94920
Telephone: (415) 380-8822
Facsimile: (415) 380-8868

Attorney for Defendants
CITY OF ALAMEDA and JAMES FLINT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| EDWARD LEVINE,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF ALAMEDA, a California Charter City, and JAMES M. FLINT, both individually and as City Manager for the City of Alameda,<br><br>Defendants. | Case No. C04-01780 CRB/ADR<br><br>**DECLARATION OF JAMES FLINT IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br>**[Fed. R. Civ. P. 56]**<br><br>Date: December 9, 2005<br>Time: 10:00 a.m.<br>Ctrm.: 8 (19th Floor)<br><br>Trial Date: None |

I, JAMES FLINT, hereby declare as follows:

1. I was the City Manager of the City of Alameda at the time of the layoff of Plaintiff Ed Levine. I held that position between DATE and DATE.. I have personal knowledge of the facts stated herein, except those stated on information and belief, and could and would competently testify thereto if called as a witness.

2. Article VII, Section 7-2(C) of the Charter of the City of Alameda, provides that the City Manager shall have the power to "appoint, discipline and remove all officers and employees of the City under his jurisdiction, subject to Civil Service requirements." A true and correct copy of Article VII, Section 7-2 is attached to this Declaration as Exhibit A.

3. The Human Resources Director of the City of Alameda is the City's primary authority on human resources issues. The Human Resources Director is the head of the Human

---
DECL. OF JAMES FLINT ISO DEFS. MOTION FOR SUMARY JUDGMENT
Levine v. City of Alameda and Flint
Case No. C-04-01780 CRB/ADR            -1-

Resources Department and is the final departmental authority in all matters of policy and operation.

4. As I testified in my deposition, when I received Plaintiff's letter dated February 25, 2005 requesting a due process hearing, I forwarded it to Human Resources Director Karen Willis and told her to make sure Plaintiff's due process opportunities were respected. It was my understanding that Ms. Willis, if necessary, would seek the assistance of the City Attorney's Office in determining what needed to be done to comply with applicable due process requirements.

5. During my employment as a chief executive officer of various public agencies, including during my employment as the City Manager of the City of Alameda, I almost always accepted the decisions, direction and advice of the agency's human resource professional and the agency's legal counsel with respect to personnel and employment matters.

6. Had Ms. Willis informed me that she determined that Plaintiff should not be laid off after her meeting with him in late February, 2004, I would not have proceeded with the layoff. I understand that Plaintiff believes that I made my decision to lay him off based on some personal animosity that he believes that I had towards him. However, at no time did I have nor do I have such personal animosity towards Plaintiff. Furthermore, I made the decision to lay Plaintiff off because he was the project manager of the golf course and hotel project which had been suspended by the ARRA Board for the foreseeable future. I believe that has been shown to be the case based on the evidence submitted by Defendants in connection with their motion for summary judgment on Plaintiff's age discrimination claim.

DECL. OF JAMES FLINT ISO DEFS. MOTION FOR SUMARY JUDGMENT
Levine v. City of Alameda and Flint
Case No. C-04-01780 CRB/ADR                -2-

1  I declare under penalty of perjury that the foregoing is true and correct. Executed this
2  18th day of November, 2005 at Astoria, Oregon.

                                                    /S/
                                              JAMES FLINT

## ARTICLE VII

### City Manager

Sec. 7-1. The City Manager shall be the Chief Administrative Officer of the City and shall be chosen by the Council on the basis of his executive and administrative qualifications, with special reference to his actual experience in or his knowledge of, accepted practice in respect to the duties of his office as hereinafter outlined.

Sec. 7-2. The City Manager shall have the power and it shall be his duty:

(A) To administer and execute policies and undertakings formulated by the Council.

(B) To enforce all laws and ordinances, except as provided by Section 6-1, and he is hereby declared to be beneficially interested in their enforcement and to have power to sue in proper courts to enforce them.

(C) To appoint, discipline and remove all officers and employees of the City under his jurisdiction, subject to Civil Service requirements.

(D) Repealed.

(E) To attend all meetings of the Council unless excused by the Council or the Mayor.

(F) To keep the Council at all times fully advised as to the needs of the City and to recommend such measures and policies as he may deem expedient.

(G) To conduct such investigations and prepare such plans, specifications or reports as may be specified by the Council.

(H) To see that all contracts and franchises made under his jurisdiction or that of the Council are faithfully performed, and to report all violations thereof to the Council.

(I) To supervise and administer all public parks, golf courses, recreation areas, wharves, docks and other public properties, utilities and facilities belonging to the City except as in this Charter otherwise provided.

(J) To appoint technical advisory experts or boards with the consent of and at such compensation as may be provided by the Council.

EXHIBIT A

(K)     Repealed.

(L)     To prepare and submit a budget as required by this Charter.

(M)     To investigate the conduct and proceedings of any officer or board of the City when he shall deem the same necessary, or when so directed by the Council.

(N)     To devote his entire time to the duties of his office.

(O)     To formulate rules and regulations for officers and employees under his jurisdiction.

Sec. 7-3. Neither the Council nor any of the members thereof shall interfere with the execution by the City Manager of his powers and duties. Except for purposes of inquiry, the Council and its members shall deal with that portion of the administrative service for which the City Manager is responsible solely through him. An attempt by a Councilmember to influence the City Manager in the making of any appointment or the purchase of any materials or supplies shall subject such Councilmember to removal from office for malfeasance.

Sec. 7-4. Those Department Heads holding office pursuant to Section 2-3 of the Charter shall each have power to discipline any employee under his control by the imposition of a fine not to exceed one month's salary, or by suspension without pay for not to exceed thirty days, or other penalty less than dismissal, subject to appeal to the City Manager who shall have final authority to affirm, modify or revoke such penalty without appeal therefrom.

Sections 7-5 through 7-12 repealed.