LINDA A. TRIPOLI (SBN 100389)
Attorney at Law
One Blackfield Drive, No. 403
Tiburon, California 94920
Telephone: (415) 380-8822
Fax: (415) 380-8868

Attorneys for Defendants
CITY OF ALAMEDA and
JAMES M. FLINT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWARD LEVINE,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF ALAMEDA,, *et al.* a California Charter City, and JAMES M. FLINT, both individually and as City Manager for the City of Alameda,<br><br>    Defendants. | Case No. C-04-01780 CRB / ADR<br><br>**DEFENDANTS' RESPONSE TO REQUEST FOR CLARIFICATION OF ORDER AND JUDGMENT ENTERED ON JANUARY 12, 2006**<br><br>Date:  Feb. 10, 2006 Status Conference<br>Time:  8:30 a.m.<br>Ctrm.:  8 (19th Floor) |

Counsel for Defendants agrees that clarification of the Court's January 12, 2006 "Memorandum and Order Re: Cross Motions for Summary Judgment" and "Judgment" would be helpful to the parties. In response to the issues identified by Plaintiff's Request for Clarification filed on February 3, 2006, Defendants' respond as follows:

1. <u>Nature of opportunity to be heard:</u> Applicable case law provides that the meaningful opportunity to be heard in a *pre-termination, not for cause layoff* is the "opportunity to respond." "Although the pre-termination hearing need not be elaborate, 'some kind of hearing' must be afforded to the employee prior to termination. *Id.* The essential requirements of this pre-termination process are *notice* and *an opportunity to respond.*" *Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 331-2 (9th Cir. 1995) [Emphasis in original.] The

-1-

Court's Memorandum and Order expressly states, "[w]hile a full evidentiary hearing may not have been required in this context, some opportunity to be heard was required." (Memorandum and Order, page 5, lines 17-18.) In *Cleveland Bd. of Ed. v. Loudermill,* 470 U.S. 532 (1985), the United States Supreme Court described the opportunity to be heard as "some opportunity for the employee to present his side of the case,"[1] "'something less' than a full evidentiary hearing,"[2] and "[t]he opportunity to present reasons, either in person or in writing, why [the] proposed action should not be taken."[3] The court concluded that to require more "would intrude to an unwarranted extent on the government's interest." Thus under both applicable law and the Court's Memorandum and Order, the "opportunity to be heard" is not an evidentiary hearing at which witnesses are to be presented.

2. <u>Authority of neutral third party:</u> Plaintiff asks if the neutral third party has the authority to reverse the decision of former City Manager James Flint to lay off Plaintiff and the authority to award back pay, reinstatement or front pay. As argued more fully in Defendants' summary judgment motion papers, under Article XI, §5 of the California Constitution and Article VII, Section 7-2(C) of the Charter of the City of Alameda, the City Manager of Alameda has the exclusive power to "appoint, discipline and remove all officers and employees of the City under his jurisdiction, subject to Civil Service requirements."[4] Therefore, any decision that would provide anyone other than the current City Manager with such authority would violate the "home rule" provisions of Article XI, §5 of the California Constitution. *Binkley v. City of Long Beach*, 16 Cal.App.4th 1795, 1811 (1993), *Lucchesi v. City of San Jose,* 104 Cal.App.3d 323, 328 (1980) Defendants respectfully submit that the appropriate person to provide Plaintiff with his opportunity to respond and be heard is the present City Manager, Debra Kurita, who was hired on August 1, 2005 and has had no involvement or oversight whatsoever in this litigation. City Manager Kurita meets the applicable legal standard for impartiality in that there is no showing

---

[1] 470 U.S. 532, 543.
[2] 470 U.S. 532, 545.
[3] 470 U.S. 532, 546.
[4] It is undisputed here that there are no applicable Civil Service requirements.

that she has any personal animosity towards Plaintiff or any personal financial interest in the outcome. *Burrell v. City of Los Angeles,* 209 Cal.App.3d 568 (1989).

Furthermore, with regard to Plaintiff's question regarding back pay, reinstatement and front pay, the Court has already determined that such remedies are not available given former City Manager Flint's qualified immunity and the absence of municipal liability on the part of the City of Alameda. As such, the Court is without jurisdiction to order indirectly that which it cannot order directly. Plaintiff had a claim for relief for age discrimination which could have provided him with back pay, reinstatement and front pay, had the Court determined that the evidence supported such a claim. However, Plaintiff did not even oppose Defendants' motion for summary judgment on said claim and such relief is not available under Plaintiff's §1983 claim.

3. Defendants are not clear about the meaning of Plaintiff's third request. To the extent Plaintiff is inquiring about a circumstance in which the parties are unable to mutually agree on the selection of the third party neutral, Defendants would also request guidance from the Court.

4. Defendants are not clear about the meaning of Plaintiff's fourth request.

5. <u>Request for Judgment for Defendants on age discrimination claim.</u> Defendants request that the Court enter Judgment for Defendants on Plaintiff's age discrimination claim in light of the Court's dismissal, with prejudice, of said claim. (Memorandum and Order, page 3, lines 9-13.)

Dated: February 7, 2006                          Respectfully submitted

                                                 /S/
                                          LINDA TRIPOLI
                                         Attorney for Defendants

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF MARIN**

I am a citizen of the United States and a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is One Blackfield Drive, No. 403, Tiburon, CA 94920. On February 7, 2006, I served the following document(s) by the method indicated below:

**DEFENDANTS' RESPONSE TO REQUEST FOR CLARIFICATION OF ORDER AND JUDGMENT ENTERED ON JANUARY 12, 2006**

    by transmitting **via facsimile** on this date from fax number (415) 380-8868 the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error.

    by placing the document(s) listed above in a sealed envelope(s) with postage thereon fully prepaid, in the **United States mail** at Tiburon, California addressed as set forth below. I am readily familiar with my office's practice of collection and processing correspondence for mailing. Under that practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

    by placing the document(s) listed above in a sealed envelope(s) and by causing **messenger delivery** of the envelope(s) to the person(s) at the address(es) set forth below.

X    by **e-mailing** the document(s) listed above to the person(s) at the following e-mail address: artfuldodger@speakeasy.net

    by **personally delivering** the document(s) listed above to the person(s) at the address(es) set forth below.

    By placing the document(s) listed above in a sealed envelope(s) and consigning it to an **express mail service** for guaranteed delivery on the next business day following the date of consignment to the address(es) set forth below.

Roger A. Carnagey
Attorney at Law
One Kaiser Plaza, Suite 601
Oakland, CA 94612
Fax: 510/451-2944

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on February 7, 2006, at Tiburon, California.

                                          /S/
                                        Linda A. Tripoli

-4-

Levine v. City of Alameda (Case No. C-04-01780 CRB/ADR)
DEFENDANTS' RESPONSE TO REQUEST FOR CLARIFICATION OF ORDER AND JUDGMENT