IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD LEVINE,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF ALAMEDA, et al.,<br><br>    Defendants.<br>_____ / | No. C 04-01780 CRB<br><br>**MEMORANDUM AND ORDER RE CROSS-MOTIONS FOR ATTORNEY'S FEES AND COSTS** |

    Plaintiff filed this action alleging two claims arising out of his termination by the City of Alameda: 1) deprivation of procedural due process rights under 42 U.S.C. section 1983 and 2) age discrimination under California Government Code section 12965(b) (FEHA). On January 12, 2006, the Court issued an Order granting in part and denying in part cross-motions for summary judgment. Both sides have appealed the Court's ruling to the Ninth Circuit. Now pending before the Court are cross-motions for attorney's fees and costs. Plaintiff seeks attorney's fees under 42 U.S.C. section 1988 based on the Court's ruling that his 14th Amendment procedural due process rights were violated, and defendants seek attorney's fees based on the award of judgment in their favor on the FEHA claim.

## BACKGROUND

    On January 12, 2006, after careful consideration of the parties' cross-motions for summary judgment, and with the benefit of supplemental briefing on the procedural due process issue and two oral arguments, the Court granted in part and denied in part both

motions. The Court held that plaintiff was deprived of his procedural due process rights under the 14th Amendment when he was not afforded a meaningful opportunity to be heard after being notified of his termination. The Court, however, found that defendant Flint was entitled to qualified immunity because it was mistaken but not unreasonable for him to believe that plaintiff received an adequate opportunity to be heard under the law. Moreover, the Court found that defendant Flint's unconstitutional deprivation of plaintiff's due process rights was not a policy-making decision, and therefore plaintiff's Monell claim failed. As a result, plaintiff was only entitled to equitable relief, not money damages, which the Court found in this case to consist of a declaratory judgment and the right to receive the due process that was denied him. Notably, the Court determined that plaintiff was not entitled to reinstatement or back pay. At a subsequent hearing, the Court clarified that plaintiff was entitled to a hearing before a third-party neutral, who would determine what remedies not barred by the Court might be available.

In addition, the Court dismissed with prejudice plaintiff's second claim for age discrimination under the FEHA after plaintiff filed a statement of non-opposition to defendants' motion for summary judgment on that claim. Both parties have appealed the Court's Memorandum and Order.

Both parties now seek attorney's fees and costs. Pursuant to 42 U.S.C. section 1988, which awards reasonable attorney's fees and costs to the prevailing party in a civil rights case brought under 42 U.S.C. section 1983, plaintiff seeks $153,655.00 for 389 hours of attorney time spent at a rate of $395 per house. Defendant's motion is filed pursuant to provisions of FEHA, which awards attorney's fees to defendants if the action was unreasonable, frivolous, meritless, or vexatious. Defendants' counsel seeks $56,430 for 250.8 hours of billable time expended on work directly related to plaintiff's FEHA claim at a rate of $225. Each party has also filed objections to the costs requested by the opposing party.

//
//
//

**DISCUSSION**

**I.     Plaintiff's Motion Under 42 U.S.C. § 1988**

   **A.     Legal Standard**

Under 42 U.S.C. section 1988, a court has discretion to award reasonable attorney's fees to "the prevailing party" in a civil rights case brought under 42 U.S.C. section 1983. First, the court determines whether the party has "prevailed;" that is, whether the resolution of a claim "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar v. Hobby, 506 U.S. 103, 111-12 (1992).

If the court finds that the plaintiff has prevailed, the court may award reasonable attorney's fees. See Friend v. Kolodzieczak, 72 F.3d 1386 (9th Cir. 1995). Typically, fees are determined by calculating a lodestar amount, which is arrived at by multiplying the number of hours reasonably spent on achieving the obtained results by a reasonable hourly rate. Id.; see also Hensley v. Eckerhart, 461 U.S. 433 (1983). In addition to documenting the appropriate hours expended in the litigation, the fee applicant must submit evidence in support of those hours worked. See Hensley, 461 at 433. From the initial fee calculation, the district court should exclude hours that were not "reasonably expended," including "excessive, redundant or otherwise unnecessary" hours. Id. at 434 (citation omitted).

This typical procedure is subject to a narrow exception, carved out by the Supreme Court's decision in Farrar. 506 U.S. at 115-16. Where the plaintiff is a prevailing party, but the victory is merely a technical or *de minimis* one, the lodestar method may be bypassed in light of the broader goal that the reasonableness of the fees be determined in relation to the degree of success obtained in the action. See Friend, 72 F.3d at 1389-90 (citing Farrar, 506 U.S. at 115-16); see also Hensley v. Eckerhart, 461 U.S. 433, 436 (1983) ("[T]he most critical factor is the degree of success obtained."). In addition, a court's evaluation of the fee question must be made in light of the policy that section 1988 was "never intended to produce windfalls to attorneys." Id. (citation and internal quotation omitted). Finally, "There is no precise rule or formula for making these determinations." Hensley, 461 U.S. at 436.

3

Rather, the district court, in its discretion, "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Id. at 436-37.

### B. Prevailing Party

The Supreme Court in Farrar examined its precedents regarding the requirements necessary to be considered a prevailing party, ultimately concluding that "a plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." Farrar, 506 U.S. at 111-112. The Court further stated that a material alteration of a legal relationship between the parties only occurs when the "plaintiff becomes entitled to enforce a judgment, consent decree, or settlement against the defendant." Id. at 113. The Ninth Circuit has squarely held that injunctive relief alone is sufficient to establish a plaintiff as the prevailing party. Friend, 72 F.3d at 1390. Moreover, even where a complaint prays for both equitable and legal relief, a finding of equitable relief alone satisfies the Farrar test. See Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1118 (9th Cir. 2000) (holding that equitable relief in a settlement agreement requiring defendant "to 1) print an expanded nondiscrimination policy, 2) insert it into its company manual, and 3) post it conspicuously throughout its business" was sufficient to establish the plaintiff as the prevailing party because the defendant would otherwise not have had to take such actions). As long as there was some success, no matter the degree, plaintiff is eligible for an award of attorney's fees under section 1988. Texas State Teachers Assn. v. Garland Independent School Dist., 489 U.S. 782, 790 (1989).

Here, plaintiff achieved some success. The Court entered an enforceable judgment in his favor that included both a declaratory judgment regarding a procedural due process violation and equitable relief in the form of a hearing he was improperly denied. Defendants correctly assert that plaintiff failed to achieve success on most of the Complaint's allegations and that he received no damages because of the Court's rulings regarding qualified immunity and non-liability under Monell. Nevertheless, the Court's ruling forces the City to do

4

*something* it had refused to do: provide plaintiff with an opportunity to be heard. That qualifies as a material alteration of the legal relationship between the parties under Farrar. Accordingly, the Court finds that plaintiff is a prevailing party pursuant to section 1988.

### C. Degree of Success

"Once civil rights litigation materially alters the legal relationship between the parties, 'the degree of the plaintiff's overall success goes to the reasonableness' of the fee award under Hensley v. Eckerhart." Farrar, 506 U.S. at 114 (quoting Garland, 489 U.S. at 793). The Supreme Court has repeatedly stressed that the "most critical factor" in deciding a reasonable fee award is the "degree of success obtained." Id. (quoting Hensley, 461 U.S. at 436).

Here, plaintiff sought declaratory, equitable, and legal relief on both of his claims, including compensatory and punitive damages, back pay, and reinstatement. Plaintiff was only successful on one of his two claims. Moreover, he received no monetary damages because the Court found that the individual defendant benefitted from qualified immunity and that the City was not liable under Monell. And the Court further found that back pay and reinstatement were unavailable under the Ninth Circuit's interpretation of equitable relief. While the Court is not in a position, as defendants would urge, to determine the underlying purpose or motives of plaintiff's litigation, it is evidence that plaintiff's success was limited.

The Court recognizes that all prevailing parties are not necessarily entitled to a fee award, see Farrar, 506 U.S. at 575, but nonetheless finds that plaintiff achieved enough success to merit a fee award. The Court determined that there was a violation of plaintiff's procedural due process rights. For a variety of reasons, however, plaintiff's relief was minimal. In effect, plaintiff achieved success on the liability phase of his claim but failed entirely on the remedy phase. As a result, the Court will reduce plaintiff's fee award as set forth below.

### D. Relatedness of Claims

The Court has discretion to reduce the amount of attorney's fees according to the "results obtained" in the litigation, which is a "particularly crucial" factor "where a plaintiff

5

is deemed 'prevailing' even though he succeeded on only some of his claims for relief." Hensley, 461 U.S. at 434. If, as here, the plaintiff succeeds on some claims but not others, the Court "must evaluate whether the successful and unsuccessful claims are 'distinctly different claims for relief that are based on different facts and legal theories' or whether they 'involve a common core of facts or [are] based on related legal theories.'" Schwarz v. Secy. of Health and Human Servs., 73 F.3d 895, 901 (9th Cir. 1995) (quoting Hensley, 461 U.S. at 434-35; see also Sorenson v. Mink, 239 F.3d 1140, 1147 (9th Cir. 2001). In the wake of Hensley, the Ninth Circuit has established a two-part analysis for district courts to follow:

> First, the court asks whether the claims upon which the plaintiff failed to prevail were related to the plaintiff's successful claims. If unrelated, the final fee award may not include time expended on the unsuccessful claims. If the unsuccessful and successful claims are related, then the court must apply the second party of the analysis, in which the court evaluates the 'significance of the overall relief obtained by the plaintiff in relation to the hours reasonable expended on the litigation.'

Thorne v. City of El Segundo, 802 F.2d 1131, 1141 (9th Cir. 1986) (quoting Hensley, 461 U.S. at 435); see also Schwarz, 73 F.3d at 901-02. To determine whether two or more claims are related, "the test is whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from the course of conduct that gave rise to the injury on which the relief granted is premised." Thorne, 802 F.3d at 1141 (internal quotations and citations omitted); see also Schwarz, 73 F.3d at 903 ("Thus, the focus is to be on whether the unsuccessful and successful claims arose out of the same 'course of conduct.'"). "Claims may be related if either the facts *or* the legal theories are the same." Webb v. Sloan, 330 F.3d 1158, 1169 (9th Cir. 2003) (emphasis in original).

Here, the parties do not dispute that plaintiff was not successful on his age discrimination claim under FEHA. Defendants' motion for summary judgment as to that claim was granted after plaintiff submitted a statement of non-opposition. Moreover, the Court has already established that plaintiff was successful, though to a limited degree, on his procedural due process claim. Defendants contend that the two claims were "unrelated" under the Hensley/Thorne test because the age discrimination and procedural due process claims involved a different core of facts and a different legal theory. The Court agrees.

6

The Court's ruling on plaintiff's due process claim implicated the notice he received of his layoff, his interactions and communications with Karen Willis in the Human Resources department, and his ultimate termination date. This 10-day period in which all of the above occurred significantly post-dated the course of conduct underlying plaintiff's FEHA claim. Plaintiff's age discrimination claim hinged on allegations that defendants' *reasons* for terminating plaintiff were improper or illegal. The due process claim, however, did not implicate any reasons for his termination; rather, it merely focused on the *process* by which he was terminated. Further, the Court had no occasion to draw any conclusions about the reasons behind defendants' failure to provide a meaningful opportunity to be heard.[1] As a result, the course of conduct underlying the two claims were separate and unrelated.

Moreover, plaintiff cannot prevail on the ground that the legal theories supporting the two claims are related. Under the McDonnell Douglas test applicable to plaintiff's FEHA claim, he had to establish a prima facie case that he was in a protected class of individuals over 40 and under 70; he performed his job satisfactorily; he was terminated; and there was an inference of age discrimination surrounding his termination. See Nidds v. Schindler Elevator Corp., 113 F.3d 912, 917 (9th Cir. 1996). Plaintiff's due process claim, however, required him to show that he was either deprived of notice or a meaningful opportunity to be heard in response to his termination. The only overlapping element was his actual termination, about which a particular plaintiff could devise any number of unrelated legal theories. Plaintiff has failed to show that the legal theories supporting his two claims are sufficiently related to permit the Court to include in a reasonable fee award the time spent on the age discrimination claim.

Plaintiff relies on two Ninth Circuit cases to support his contention that the claims are related. In Odima v. Westin Tucson Hotel, 53 F.3d 1484 (9th Cir. 1995), the court affirmed the district court's determination that the plaintiff's successful Title VII and 42 U.S.C.

---

[1] Plaintiff attempted to convince the Court to adopt a "sham and pretext" standard for procedural due process claims espoused 20 years ago by the Second Circuit in Dwyer v. Regan, 777 F.2d 825 (2nd Cir. 1985), which arguably would have interwoven his two claims. Since the Court's Memorandum and Order did not cite or rely upon Dwyer, the Court finds this argument unpersuasive and irrelevant to the inquiry here.

7

section 1981 claims were related to his unsuccessful state tort claims for retaliation, constructive discharge, and wrongful termination. The court held that evidence necessary for plaintiff to prove the successful claims–"his work environment, his relationship with his superiors, his interactions with the Human Resources staff, his efforts to advance and the impact of Westin's discriminatory practices"–was "virtually the same evidence" supporting his unsuccessful claims. Odima, 53 F.3d at 1499. Here, however, the evidence supporting the age discrimination claim is similar to that described in Odima, but the evidence supporting plaintiff's due process claim was almost entirely separate and did not implicate "his employment relationship" with defendants, as all of Odima's claims did.

In Webb, the court affirmed the district court's finding that the plaintiff's federal and state law claims–including claims for unlawful seizure, false arrest, false imprisonment, abuse of process, and malicious prosecution–were related even though he prevailed only on his claims for false imprisonment, abuse of process, and malicious prosecution. 330 F.3d at 1169 (noting that "all his claims arose out of a common core of facts and a common course of conduct: Plaintiff's arrest, detention, and prosecution"). The court, however, determined that his First Amendment access to the courts claim was not related to the other Fourth Amendment and state law claims. Id. Contrary to plaintiff's urging, Webb does not support his argument. The court essentially held that plaintiff's Fourth Amendment claims under section 1983 and the equivalent state law claims were unrelated to his First Amendment claim even though they involved the same parties. Similarly, here, plaintiff's age discrimination claim regarding his employment relationship with defendants is not predicated on the same course of conduct or legal theory as his procedural due process claim regarding his failure to receive a meaningful opportunity to be heard.

Accordingly, the Hensley/Thorne test requires the court to excise any attorney time spent on plaintiff's unsuccessful claim–here, his age discrimination claim. The Ninth Circuit has cautioned that "the district court should exclude the hours spent on that claim only if those hours can be isolated." Webb, 330 F.3d at 1169. Where it is not possible to "isolate the truly unrelated claims from those related claims, the district court should instead reflect

8

that limited success in Hensley's second step: the significance of the overall relief in relation to the hours reasonably expended on the litigation."[2]  Id.

### E. Fee Award

#### 1. Calculation of Reasonable Hours

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley, 461 U.S. at 433. Plaintiff's counsel, Roger Carnagey, has declared to the Court that his lodestar is 389 hours multiplied by a reasonable hourly rate of $395. Defendants' counsel asserts that it has spent 376 hours this matter in front of this Court. Because these amounts are nearly equal, the Court is satisfied that plaintiff's request is "reasonably calculated" and not excessive. See Hensley, 461 U.S. at 434.

Based on the findings above, however, the Court must excise Mr. Carnagey's time spent on the age discrimination claim. Mr. Carnagey's declaration in which he includes his billing records does not separate his work by cause of action. Moreover, Mr. Carnagey declared in open court that he is unable to separate his billing time by claim. Therefore, it is impossible for the Court to determine precisely the number of hours plaintiff's counsel spent on his procedural due process claim alone. "Where the documentation of hours is inadequate, the district court may reduce the award accordingly." Hensley, 461 U.S. at 433.

Defendants' counsel avers that two-thirds of its billable time was devoted to the age discrimination claim and one-third of its time was spent on the due process claim. The Court finds that, given the extensive discovery conducted almost entirely on the age discrimination claim, this division of labor is reasonable. Defendants' counsel, Linda Tripoli, further declares that she spent 41.2 hours on her motion for summary judgment on the age discrimination alone. Since that motion was not opposed by plaintiff's counsel, the Court

---

[2] The Court notes that although it need not reach the second prong of the Hensley/Thorne test because the claims are unrelated, a similar analysis is applied under the "degree of success" inquiry. To that end, the Court can consider both the relatedness of plaintiff's successful and unsuccessful claims *and* the degree of success on his successful claim in awarding attorney's fees under section 1988. These inquiries may overlap, and the Court has discretion to consider both under an assessment of the "significance of the overall relief." Hensley, 461 U.S. at 435.

finds that plaintiff's reasonable division of labor should reflect his non-opposition to that motion. The Court, however, accepts Mr. Carnagey's representation that his decision not to oppose was a strategic decision, which necessarily would have required billable time in making that decision. Therefore, the Court believes that strategic decision reasonably involved 10 hours of billable time. Accordingly, the Court will subtract 31.2 hours from Ms. Tripoli's calculation of the division of labor between claims, which yields a division of labor of 58 percent to the age discrimination claim and 42 percent to the procedural due process claim. Applying those percentages to Mr. Carnagey's total hours, the Court finds that he reasonably spent 163.4 hours on the due process claim alone.[3]

## 2.     Calculation of Reasonable Hourly Rate

After determining the compensatory hours, the Court now "must determine a reasonable hourly rate, considering the experience, skill and reputation of the attorney requesting fees." Schwarz, 73 F.3d at 908 (quoting Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210 (9th Cir. 1986), amended, 808 F.2d 1373 (9th Cir. 1987)). The Supreme Court has held that a reasonable hourly rate should be "calculated according to the prevailing market rates in the relevant community, regardless of whether plaintiff is represented by private or non-profit counsel." Blum v. Stenson, 465 U.S. 886, 895 (1983). This determination "is not made by reference to rates actually charged the prevailing party." Chalmers, 796 F.2d at 1210.

In his own declaration, Mr. Carnagey states that he charged plaintiff a reduced hourly rate of $250 per hour. Decl. of Roger Carnagey ¶ 8. He further asserts that his "normal" rate is $300-$350 per hour. Nevertheless, he contends that the prevailing market rate for an attorney with his 28 years of experience and skill is $395 per hour. He supports this contention with several declarations, including one from Richard Pearl, who exhaustively catalogues prevailing rates at various law firms in the Bay Area.

---

[3] Ms. Tripoli contends that an additional 10 hours should be subtracted for billing entries that include references to the Ninth Circuit appeal and a state court matter. Mr. Carnagey, however, sufficiently clarified to the Court at oral argument that those hours should not be subtracted because they were intertwined with his preparation for mediation regarding this matter.

Labor and employment litigation is not a specialized area of the law. This Court alone sees numerous disputes arising from employment terminations. The market for plaintiff's attorneys with expertise in this area is an efficient one in which an attorney's skill, experience, and reputation is properly considered. Thus, despite the declarations supporting Mr. Carnagey's assertion of a prevailing market of $395 per hour, the Court sees no reason to look beyond what Mr. Carnagey's declares to be his normal, or market, rate. Since Mr. Carnagey states that his normal rate is a range between $300 and $350 per hour, the Court believes an equitable determination would derive from splitting the difference. Accordingly, the Court finds that Mr. Carnagey's reasonable hourly rate is $325 per hour.

### 3. Final Award

Based on the Court's determination that Mr. Carnagey expended 163.4 hours on plaintiff's procedural due process claim at a prevailing market rate of $325 per hour, Mr. Carnagey's applicable lodestar calculation is $53,105. That amount is then further reduced by half because of plaintiff's partial success on his procedural due process claim. Accordingly, Mr. Carnagey is entitled to attorney's fees of $26,552.50.

## II. Defendant's Motion as Prevailing Party under FEHA

### A. Legal Standard

Where a statute permits, "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith," or that "the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421 (1978) (applying attorney's provision of Title VII). The Supreme Court further clarified that "the term 'meritless' is to be understood as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his

case, and that 'vexatious' in no way implied that the plaintiff's subjective bad faith is a necessary prerequisite to a fee award against him. Id.[4]

"A district court must exercise caution in awarding attorney's fees to a prevailing defendant in order to avoid discouraging legitimate suits that may not be 'airtight.'" Moosa v. Dolan Foster Enters., 1998 U.S. Dist. LEXIS 8609 at *10 (N.D. Cal. 1998). In addition, "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421-422. Indeed, fee awards to prevailing defendants in civil rights actions are appropriate "only in exceptional circumstances." Mitchell v. Office Of Los Angeles Co. Sup't of Schools, 805 F.2d 844, 846-47 (9th Cir. 1986). In sum, this determination requires the district court to "assess whether the plaintiff could reasonably have believed that he or she had an adequate basis in law or fact to pursue the claim." Moosa, 1998 U.S. Dist. LEXIS 8609 at *12 (emphasis omitted).

**B.     Analysis**

There is no dispute that defendants are the prevailing party on plaintiff's age discrimination claim under FEHA. Defendants, however, argue that plaintiff's FEHA claim was "without foundation in law or fact at the time it was filed," and that they therefore should be awarded attorney's fees. Defs. Mot. for Atty. Fees at 10. Defendants base this contention on three substantive allegations. First, defendants argue that plaintiff authored the memo recommending that the golf project on which he had been managing be discontinued. Second, defendants assert that plaintiff testified to a number of legitimate, nondiscriminatory reasons why he was laid off, and that he testified that he may have been terminated if he were younger. Third, the lack of evidence of age discrimination produced during discovery further

---

[4] Because "the language, purpose and intent of California and federal antidiscrimination acts are virtually identical," California courts, when interpreting FEHA, "have adopted the methods and principles developed by federal courts in employment discrimination claims arising under Title VII." Cummings v. Benco Building Servs., 11 Cal.App.4th 1383, 1386 (1992).

12

supports this contention. According to defendants, plaintiff's decision not to oppose defendants' motion for summary judgment as to the FEHA claim bolsters this final argument.

The Court disagrees. As a 61-year-old city employee who had garnered generally satisfactory performance reviews and was the lone individual laid off by the City at that time, plaintiff likely would have been able to establish a prima facie case of age discrimination under the McDonnell Douglas test. Moreover, plaintiff's decision not to oppose defendants' motion for summary judgment could have been a result of any number of considerations, including, as plaintiff asserts, a strategic decision to focus on his stronger claim. As the Ninth Circuit has noted, "There is a significant difference between the bringing of cases with no foundation in law or facts at the outset and the failure to present evidence sufficient to justify relief at trial." Mitchell, 805 F.2d at 847. Ultimately, plaintiff's non-opposition acknowledged that, at the very least, he could not prove that defendants' legitimate, non-discriminatory reasons for terminating him were a pretext for age bias. Yet he could only reach that conclusion by conducting the necessary discovery to determine whether the reasons for his termination were bona fide. This is not an exceptional case where a plaintiff filed frivolous motions, engaged in bad faith, or continued to pursue a claim that clearly lacked merit from the start. Moreover, public policy encouraging civil rights litigation would be entirely undermined if a plaintiff in Levine's situation were forced to pay attorney's fees to the defense upon a finding that a good faith and not unreasonable claim lacked merit. The Court is unwilling to send that message.

Accordingly, defendant's motion for attorney's fees as the prevailing party under FEHA is DENIED.

### III.   Costs

The Court has determined that plaintiff is the prevailing party on his procedural due process claim and defendants are the prevailing party on the FEHA claim. This also applies to costs pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure. In light of this Memorandum and Order, the parties are instructed to meet and confer again in an attempt to resolve their disputes over costs in an equitable and efficient manner. If the parties can not

enter into a stipulation regarding costs, each party shall submit an amended bill of costs properly taking this Memorandum and Order into consideration.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees is GRANTED in part and DENIED in part. Plaintiff's counsel is awarded $26,552.50 in attorney's fees. Defendants' motion for attorney's fees is DENIED. An amended bill of costs and, if necessary, objections thereto shall be filed forthwith.

**IT IS SO ORDERED.**

Dated: July 5, 2006

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE