1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11    EDWARD LEVINE,                          No. C 04-01780 CRB

12            Plaintiff,                       **ORDER ASSESSING COSTS**

13       v.

14    CITY OF ALAMEDA ET AL,

15            Defendant.
      _____/

16

17        This Court has previously ruled on three motions for attorneys' fees, one brought by

18   Defendant, and two brought by Plaintiff.  In these rulings, the Court determined that

19   Plaintiff's partial success on his claim for denial of due process entitled him to an award of

20   attorneys' fees under 42 U.S.C. § 1988.  Specifically, the Court determined that Plaintiff's

21   partial success entitled him to 17.3 percent of his request for attorneys' fees.

22        In its previous order, the Court also instructed the parties to "meet and confer again in

23   an attempt to resolve their disputes over costs in an equitable and efficient manner" and, in

24   the event that such a resolution would not be possible, to "submit an amended bill of costs."

25   The parties have failed to meet and confer, as ordered by the Court.  And only Defendant has

26   submitted an amended bill of costs.

27        Thus, Plaintiff's and Defendant's motions for costs are still pending before the Court.

28   The Court declines to engage in a page-by-page and witness-by-witness analysis to determine

     what portion of the costs claimed by the parties are attributable to each cause of action.

**United States District Court**

For the Northern District of California

Instead, the Court applies the formula used in its previous two rulings — *i.e.* that Plaintiff is entitled to 17.3 percent of his costs based on his partial success, and conversely, that Defendant is entitled to 82.7 percent of its costs based on its partial success — to the total costs incurred by the parties.  Applying these percentages, the Court finds that the parties are entitled to recoup the following costs:

Plaintiff             $9,825.05 requested  x  0.173  =  $ 1,699.73

Defendant          ($4,102.40 requested[1] x 0.827) + $551.56 (per stipulation) =  $ 3,944.24

Accordingly, the Court GRANTS Plaintiff's motion for costs in the amount of $1,699.73, and GRANTS Defendant's motion for costs in the amount of $3,944.24.

**IT IS SO ORDERED.**

Dated:  September 20, 2006

CHARLES  R.  BREYER
UNITED STATES DISTRICT JUDGE

---

[1] In their bill of costs, Defendant requested $3,995.12 in costs related to deposition transcripts.  This figure, however, represented a discounted amount based on the portion of the transcripts that, in Defendant's estimation, were related to the due process claim on which Plaintiff ultimately prevailed.  As noted above, the Court declines to engage in the page-by-page analysis used by the Defendant.  Therefore, the Court has incorporated into Plaintiff's "requested amount" the full cost of the depositions previously discounted by the Defendant — *i.e.* the first and second deposition of Ed Levine, the first deposition of James Flint, and the first and second deposition of Karen Willis.

**United States District Court**
For the Northern District of California