**FILED**

MAY 15 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWARD LEVINE,<br>    *Plaintiff-Appellant,*<br>v.<br>CITY OF ALAMEDA, a California Charter City; JAMES M. FLINT, both individually and as City Manager for the City of Alameda,<br>    *Defendants-Appellees.* | No. 06-15480<br>D.C. No.<br>CV-04-01780-CRB |
| EDWARD LEVINE,<br>    *Plaintiff-Appellee,*<br>v.<br>CITY OF ALAMEDA, a California Charter City; JAMES M. FLINT, both individually and as City Manager for the City of Alameda,<br>    *Defendants-Appellants.* | No. 06-15481<br>D.C. No.<br>CV-04-01780-CRB<br>OPINION |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted
January 16, 2008—San Francisco, California

Filed May 13, 2008

Before: Procter Hug, Jr., Mary M. Schroeder, and
Richard R. Clifton, Circuit Judges.

5391

Opinion by Judge Hug

## COUNSEL

Roger A. Carnagey, Oakland, California, for the plaintiff-appellant/cross-appellee.

Linda A. Tripoli, Tiburon, California, for the defendants-appellees/cross-appellants.

## OPINION

HUG, Circuit Judge:

Edward Levine filed this action under 42 U.S.C. § 1983 against the City of Alameda ("City") and James M. Flint, both individually and as City Manager, alleging that the defendants violated his due process rights under the Fourteenth Amendment. On February 17, 2004, Flint told Levine, a property manager for the City, that he was going to be laid off. Levine wrote Flint a letter in which he requested a pretermination hearing regarding his lay off. Levine believed that the lay off was a pretext and that he was being terminated because Flint disliked him.

After receiving the letter, Flint gave it to the City's Human Resources Director, Karen Willis, and told her to make sure that Levine's due process rights were respected. Willis then

wrote Levine a letter stating that he was not entitled to a pre-termination hearing under his union contract because he was being laid off and not discharged for cause. In the letter, Willis offered to meet with Levine to discuss lay off procedures and retirement benefits. Willis and Levine later ran into each other in the Human Resources Department where they had a five-minute talk and visited in general according to Willis.

After the parties filed cross motions for summary judgment, the district court granted summary judgment in part (1) for Levine, finding that his procedural due process rights were violated and he was entitled to a full evidentiary hearing before a neutral third-party, and (2) for defendants, finding that Flint was not personally liable based on qualified immunity and that the City was not liable as a municipality. Both parties appealed. We affirm the district court.

## I. Standard of Review

This court reviews *de novo* a district court's decision on cross motions for summary judgment. *Children's Hosp. Med. Ctr. v. California Nurses Ass'n*, 283 F.3d 1188, 1191 (9th Cir. 2002). We view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. *Chevron USA, Inc. v. Cayetano*, 224 F.3d 1030, 1037 (9th Cir. 2000).

## II. Due Process

The district court did not err in granting summary judgment for Levine in part and finding that the defendants violated his Fourteenth Amendment due process rights under 42 U.S.C. § 1983. To establish a § 1983 claim, a plaintiff must show that an individual acting under the color of state law deprived him of a right, privilege, or immunity protected by the United States Constitution or federal law. *Lopez v. Dept. of Health Servs.*, 939 F.2d 881, 883 (9th Cir. 1991). To establish a due

process violation, a plaintiff must show that he has a protected property interest under the Due Process Clause and that he was deprived of the property without receiving the process that he was constitutionally due. *Clements v. Airport Authority of Washoe County*, 69 F.3d 321, 331 (9th Cir. 1995).

[1] In this case, the district court properly found that Levine was a civil servant who had a property interest in continued employment under the Due Process Clause. *See id.*; *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538-39 (1985). As an employee with a property interest under the Due Process Clause, Levine was entitled to have a hearing before his lay off to allow him to present his side of the story. *See Clements*, 69 F.3d at 331-32; *Loudermill*, 470 U.S. at 542-43. Defendants refused to provide a hearing. The Director of Human Resources' offer to meet with Levine to discuss lay off procedure, and the random five-minute encounter between Levine and the Director, failed to give Levine a meaningful opportunity to respond to the lay off decision. *See Clements*, 69 F.3d at 331-32. Thus, Levine's due process rights were violated by the failure to provide a pretermination hearing. *See id.*; *Loudermill*, 470 U.S. at 542-45.

[2] Because Levine's due process rights were violated, it was not improper for the district court to order a full evidentiary hearing to remedy the violation. *See Brady v. Gebbie*, 859 F.2d 1543, 1551 (9th Cir. 1988) (stating that the appropriate remedy for the deprivation of due process rights is to order the process which was due). The Supreme Court has held that an employee with a property interest is entitled to a limited pretermination hearing which is to be followed by a more comprehensive post-termination hearing. *Loudermill*, 470 U.S. at 547. Levine was entitled to a full post-termination hearing because there was no way to give Levine the process that he had been due, which was an opportunity to respond before the termination occurred. *Cf. Loudermill*, 470 U.S. at 547 n.12 (noting that the adequacy of pretermination and post-termination hearings are interrelated and that the scope

of one affects the scope of the other). Thus, it was reasonable for the district court to order that a full evidentiary hearing be held. *See id.* at 547.

[3] It was also not improper for the district court to order that the hearing be held before a neutral third-party. This court has held that for post-termination hearings an impartial decisionmaker is required. *Walker v. City of Berkeley*, 951 F.2d 182, 184 (9th Cir. 1991). The district court made a finding that persons working for the City would not be sufficiently neutral in this case after the extensive litigation between the City and Levine. Because this finding was not clearly erroneous, and an impartial decisionmaker is required, the district court did not err in ordering that a neutral third-party preside over the hearing. *See id.*

### III. Qualified Immunity

[4] The district court properly found that Flint was not personally liable for violating Levine's due process rights based on qualified immunity. Under the defense of qualified immunity, a government official is immune from civil damages unless his conduct violates a clearly established right of which a reasonable person would have known. *Long v. City and County of Honolulu*, 511 F.3d 901, 905-06 (9th Cir. 2007). Determining whether a public official is entitled to qualified immunity involves a two-part analysis. *Saucier v. Katz*, 533 U.S. 194, 199 (2001). First, we must determine whether the official violated a constitutional right. *Id.* at 201. Second, we must determine whether the right was clearly established such that a reasonable official would known that he was engaging in unlawful conduct. *Aguilera v. Baca*, 510 F.3d 1161, 1167 (9th Cir. 2007). If an official reasonably believed that his conduct was lawful, qualified immunity applies. *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001).

[5] In this case, although defendants violated Levine's due process rights by failing to provide a hearing, qualified immu-

nity applies because Flint reasonably believed that his conduct was lawful. *See Kulas v. Valdez,* 159 F.3d 453, 456 (9th Cir. 1998). As a supervisor, Flint can be held liable in his individual capacity only if he set "in motion a series of acts by others, or knowingly refused to terminate [such acts], which he knew or reasonably should have known, would cause others to inflict the constitutional injury." *See Larez v. Los Angeles,* 946 F.2d 630, 646 (9th Cir. 1991) (internal brackets omitted). Flint forwarded Levine's letter requesting a pretermination hearing to Willis and expressly told her to ensure that Levine's due process rights were respected. Flint, therefore, took action to protect Levine's due process rights and there is no evidence that Flint knew or should have known that Willis would deprive Levine of his due process rights by improperly denying his request. Even if Flint had expressly approved Willis's actions, he would still be entitled to qualified immunity because Levine's union contract stated he was not entitled to a pretermination hearing if laid off and, thus, a reasonable official in his position could have believed that his conduct was lawful. Thus, because he instructed Willis to respect Levine's due process rights, and it was reasonable for him to believe that Levine was not entitled to a pretermination hearing, Flint is immune from suit based on qualified immunity. *See id.; Kulas,* 159 F.3d at 456.

## IV. Municipal Liability

[6] The district court also properly determined that the City was not liable as a municipality under *Monell v. Dep't of Soc. Servs. of New York,* 436 U.S. 658 (1978). A city can be sued for monetary damages under 42 U.S.C. § 1983 if the constitutional violation was a product of a policy, practice, or custom adopted and promulgated by the city's officials. *Id.* at 690-91. To establish liability, a plaintiff must establish that he was deprived of a constitutional right and that the city had a policy, practice, or custom which amounted to "deliberate indifference" to the constitutional right and was the "moving

force" behind the constitutional violation. *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996).

[7] In this case, the district court properly determined that the City is not liable under 42 U.S.C. § 1983. Levine produced no evidence that the City had a policy that amounted to deliberate indifference to his constitutional due process rights, and was the moving force behind a violation of those rights. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1111 (9th Cir. 2001). Levine contended that Flint's single act of terminating him represented a policy amounting to deliberate indifference to his due process rights. Because there was no evidence that Flint had any policymaking authority over personnel decisions, and no evidence of a policy or custom otherwise that amounted to a deliberate indifference to his due process rights, the district court properly granted summary judgment in part for the City on this issue. *See id.*

**AFFIRMED.**