**Edward Levine**
P.O. Box 1146
Woodacre, CA 94973
(415) 488-1214

# FILED

APR 2 0 2010

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

April 10, 2010

The Honorable Charles R. Breyer
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:  Edward Levine, Plaintiff vs. City of Alameda, Defendant
NO. C 04-1780 CRB
Deadlock in Implementing Court Order

Dear Judge Breyer:

On January 12, 2006 you ordered that the City of Alameda provide me a meaningful opportunity to be heard in a full evidentiary hearing before a neutral third party regarding my claim that my employment with the City of Alameda was wrongfully terminated based on a sham and pretext. Clarification and further direction regarding your order was provided in your meeting with my former attorney Roger Carnagey and the City's attorney Linda A. Tripoli on February 17, 2006. (A copy of the meeting transcript is attached). Subsequently, both sides filed appeals with the Ninth Circuit Court. After an extended period of review and deliberation (including oral arguments) the Ninth Circuit affirmed your order in full.

By early in 2009, with all court proceedings exhausted, both sides were ready to proceed with negotiations to establish the rules governing the hearing. Unfortunately by that time I had run out of funds to pay Mr. Carnagey and he withdrew from the case. I was unsuccessful in finding a new attorney to represent me on a contingency basis and decided that my only option was to represent myself. As a lay person I am obviously not familiar with the protocols relating to this communication. I hope you will forgive any irregularities and provide direction to resolve the key issue which has deadlocked our negotiation and prevented us from moving forward.

The issue is <u>whether or not</u> my hearing should be conducted by an arbitrator through a standard arbitration process (binding, non-binding, or otherwise). My position is that the numerous references at the clarification hearing (see attached transcript) to an "arbitrator" and "arbitration" as well as the extended discussion regarding the relative merits of using the American Arbitration Association, the Federal Mediation Conciliation Service, JAMS or a pro bono arbitrator indicate that your intent was that the evidentiary hearing be conducted through arbitration. The City's attorney disagrees and is unwilling to mutually agree on this essential point.

Your position as to whether or not the arbitration should be binding was clearly stated on page 7, lines 9-12 of the transcript when you said "….it's not the Court's intention to limit the authority of the arbitrator. I don't know what the limits are. I don't know what the scope is, but I'm not limiting". You declined to rule on whether the arbitration should be binding or non-binding and left this to be determined through mutual agreement of the parties.

On this basis, Ms. Tripoli informed me (see attached letter dated June 24, 2009) that the City refused to agree to "binding arbitration". Nowhere in this letter or preceding communication did Ms. Tripoli explicitly object to "non-binding arbitration". In the interest of reaching mutual agreement and moving forward with a hearing I reluctantly acquiesced to the City's position. My letter of December 16, 2009 agreed to non-binding arbitration and accepted Ms. Tripoli's demand that the hearing be conducted by an arbitrator from the State Mediation and Conciliation Service (SMCS) rather than through AAA or JAMS as I had preferred. (Copies of all letters and emails relating to this matter are attached).

Unfortunately these concessions were not sufficient to satisfy the City. In a February 10, 2010 email and March 16, 2010 follow-up letter Ms. Tripoli indicated that the City refused to mutually agree to characterize the full evidentiary hearing as arbitration in any form, "non-binding" or otherwise. The letter further stated that: "With regard to your reference to arbitration, the record going forward would reflect the parties disagreement about whether or not it is arbitration. Both parties would retain their respective legal position and it would not be waived by going forward as proposed."

I believe that this position would lead to nothing but continued disagreement and confusion in establishing rules and protocols governing the hearing process. My understanding is that arbitrations (binding or non-binding) are full evidentiary hearings and must conform to specific well-established guidelines. These guidelines would not exist if one party maintained that the hearing was conducted as an arbitration and the other denied it. In the absence of mutual agreement on this point, the City could unilaterally insist that the scope and rules for the hearing be so limited that it becomes nothing more than the minimal "opportunity to be heard" which Ms. Tripoli advocated in her briefs.

I believe that this is contrary to the intent of your order as clarified in your February 17, 2006 meetings with the attorneys. In this meeting you directed that the terms and conditions governing the arbitration be worked out through mutual agreement. To date I have conceded that the hearing may be conducted through non-binding arbitration and that it be held under the auspices of SMCS. The City has maintained a hard-line position on all points and made no concessions.

I regret having to bring this back to you for further direction at this late date. However, in order to protect my interest and satisfy the letter and intent of your order I believe that it is imperative that you direct whether or not the hearing should proceed under the rules of non-binding arbitration.

Thank you for your consideration and early response to this request.

Sincerely,

Edward Levine

cc:  Linda A. Tripoli, Esq.
     (via email and U.S. Mail)

From: Linda Tripoli <linda@tripolilaw.com>
To: edlevine7@aol.com
Subject: Re: Levine/City of Alameda
Date: Wed, Mar 31, 2010 6:57 pm

Ed,
I have not come up with any other way to try to resolve the impasse. Please make sure that I am contemporaneously copied on any communications you have with Judge Breyer.
Thank you,
Linda

----- Original Message -----
**From:** edlevine7@aol.com
**To:** linda@tripolilaw.com
**Sent:** Thursday, March 18, 2010 11:32 PM
**Subject:** Re: Levine/City of Alameda

Linda,
It appears that we're at an impasse on whether or not Judge Breyer intended that the due process hearing be conducted through arbitration, "non-binding " or otherwise. To resolve this, there seems no alternative but to contact Judge Breyer to request clarification regarding his order. I would prefer to avoid such action and would appreciate any new ideas which you might offer. If I do not hear from you by March 31, I will assume that you will not alter your position and I will contact Judge Breyer.

Edward Levine

-----Original Message-----
From: Linda Tripoli <linda@tripolilaw.com>
To: Ed Levine <edlevine7@aol.com>
Sent: Tue, Mar 16, 2010 8:46 am
Subject: Levine/City of Alameda

Ed,
A hard copy will also be mailed.
Linda

# LINDA A. TRIPOLI
### ATTORNEY AT LAW

708 GRAVENSTEIN HIGHWAY NORTH, NO. 188 ▪ SEBASTOPOL, CA 95472
TEL: (707) 827-3416 ▪ FAX: (707) 827-3418 ▪ E-MAIL: LINDA@TRIPOLILAW.COM

March 16, 2010

***Via E-mail and U.S. Mail***

Edward Levine
P.O. Box 1146
Woodacre, CA 94973

      Re:   *Levine v. City of Alameda*

Dear Mr. Levine:

      I am writing in response to your emails dated February 10 and 29, 2010 which are attached. Contrary to your email of February 10, 2010, on behalf of the City, I have consistently objected to characterizing the "neutral third party" due process hearing ordered by Judge Breyer as arbitration, "non-binding" or otherwise. The City has never agreed to use the term arbitration in connection with the due process hearing ordered by Judge Breyer.

      My June 24, 2009 letter (attached) contains two and one-half pages explaining why the City disagrees with your assertion that Judge Breyer ordered some form of arbitration.

      My February 10, 2010 email (included in the email chain with your emails) states that the City is prepared to go forward and strike from a list of names from State Mediation and Conciliation Service in order to mutually select the hearing officer. I specifically state: "With regard to your reference to arbitration, the record going forward would reflect the parties disagreement about whether or not it is arbitration. Both parties would retain their respective legal position and it would not be waived by going forward as proposed."

      The City remains ready and willing to go forward as stated in my February 10, 2010 email and June 24, 2009 letter.

              Sincerely,

              Linda A. Tripoli

cc:    Teresa Highsmith

From: Linda Tripoli <linda@tripolilaw.com>
To: edlevine7@aol.com
Subject: Re: Arbitration
Date: Wed, Mar 10, 2010 7:30 am

Ed,
I should be able to get back to you later this week.
Thank you,
Linda

----- Original Message -----
**From:** edlevine7@aol.com
**To:** linda@tripolilaw.com
**Sent:** Sunday, February 28, 2010 8:26 PM
**Subject:** Fwd: Arbitration

Linda,

My email of February 10, 2010 (shown below) and earlier letter of December 16, 2009 laid out the conditions under which I will agree to proceed with the full evidentiary hearing ordered by Judge Breyer. I agreed that the hearing may be conducted by an arbitrator selected through SMCS and that it be non-binding arbitration subject to rules established by the Alameda County Bar Association. I insist on mutual agreement on these two conditions. Please let me know as soon as possible whether or not these conditions are acceptable to the City. Thank you.

Edward Levine

----Original Message----
From: edlevine7@aol.com
To: linda@tripolilaw.com
Sent: Wed, Feb 10, 2010 7:18 pm
Subject: Re: Arbitration

Linda,
My letter of April 21, 2009 proposed proceeding with arbitration under the auspices of NAARB or AAA. Your response of June 24, 2009 categorically rejected binding arbitration and insisted that the hearing be conducted by individual from SMCS. Nowhere in this letter did you object to prceeding with non-binding arbitration.

In my letter of August 24, 2009 I pointed out that the numerous references in the transcript of the February 17, 2006 status conference with Judge Breyer to "arbitration", "arbitrator", and AAA, JAMS and Federal Mediation Conciliation Service as potential arbitrators confirmed Judge Breyer's ruling that the matter be submitted to arbitration. On page 7, lines 9-12 of the transcript Judge Breyer stated "..it's not the Court's intention to limit the authority of the arbitrator. I don't know what the limits are. I don't know what the scope is, but I'm not limiting". Judge Breyer refused to rule as to whether the arbitration be binding or non-binding and left this to determined through mutual agreement of the parties.

Your email of October 9, 2009 restated the City's postion rejecting binding arbitration and insisting that the arbitration be conducted only through SMCS. In response, my letter of December 16, 2009 acquiesced on both points. I agreed to non-binding arbitration to be conducted by an arbitrator selected through SMCS. Your email of February 10, 2010 (shown below) now refuses to mutually agree to non-binding arbitration. Your imposition of this new condition at this late date is unacceptable. Judge Breyer ordered that the terms of the arbitration be reached through mutual agreement. To date I have acceded to all your demands. I refuse to go any further. Please inform me as to whether you are prepared to proceed under the compromise conditions indicated in my letter of December 16, 2009. If not, I will reluctantly have to contact Judge Breyer for additional clarification and direction.

Ed Levine
----Original Message-----

From: Linda Tripoli <linda@tripolilaw.com>
To: edlevine7@aol.com
Sent: Wed, Feb 10, 2010 11:20 am
Subject: Re: Arbitration

Ed,
Sorry about the delay. The City is prepared to go forward and request a list of 7 names from the State of California Mediation and Conciliation Service (SMCS) of hearing officers, who are attorneys, to hear this case. This is the agency that public sector employers use to select such hearing officers (and arbitrators when that is applicable.) You can check out their website at: http://www.dir.ca.gov/csmcs/smcs.html   With regard to your reference to arbitration, the record going forward would reflect the parties' disagreement about whether or not it is arbitration. Both parties would retain their respective legal position and it would not be waived by going forward as proposed. There is not a need to apply any other rules than those required by law and Judge Breyer's rulings. Once we receive the names, you and I flip a coin to determine who strike the first name. Then we alternatively strike names till one name is remaining and that is the person who will be the hearing officer. SMCS then lets that person know and they offer us possible hearing dates.  If this is acceptable to you, please confirm by return email, along with the address you want SMCS to use for you, and I will contact then today or tomorrow.
Thanks,
Linda

----- Original Message -----
**From:** edlevine7@aol.com
**To:** linda@tripolilaw.com
**Sent:** Tuesday, February 09, 2010 9:52 PM
**Subject:** Arbitration

Linda,

It's been over a month since your January 8 email indicating that you would "get back to me by early next week". Please let me know how the City proposes to respond to my letter of December 16, 2009.

Edward Levine

**From:** Linda Tripoli <linda@tripolilaw.com>
**To:** edlevine7@aol.com
**Subject:** Re: My Letter of December 16. 2009
**Date:** Fri, Jan 8, 2010 7:58 am

Ed,
Good morning. I did receive both the email copy and the hard copy of your letter. No need to send another copy. I will be able to get back to you by early next week.
Thank you,
Linda

----- Original Message -----
**From:** edlevine7@aol.com
**To:** linda@tripolilaw.com
**Sent:** Thursday, January 07, 2010 10:18 PM
**Subject:** My Letter of December 16. 2009

Linda,

I emailed the attached letter to you on December 16, 2009 and mailed a hard copy soon thereafter.
Since you have not confirmed receipt, I thought it advisable to email another copy. I will also send a copy via certified mail. Please et me know how you wish to proceed.

Ed Levine

**Edward Levine**
P.O. Box 1146
Woodacre, CA 94973
(415) 488-1214

December 16, 2009

Linda Tripoli, Esq.
Attorney at Law
708 Gravenstein Highway North, No. 188
Sebastopol, CA 95472

Re: Levine v. City of Alameda

Dear Ms. Tripoli:

I apologize for the delay in responding to your October 9 email stating the City's position regarding the proposals in my August 24 letter. During the last few months I have been totally occupied with caring for my injured and ill ninety-five year old mother. Without the assistance of an attorney I have simply not had the time to fully research my options relating to the City's seemingly inflexible response to my proposals.

It has been almost six years since my employment was terminated by the City Manager in violation of my due process rights. Now, more than ever, I am anxious to proceed to a hearing and once and for all put this matter behind me. Under the circumstances I am prepared to accede to the City's insistence that this be submitted to SMCS for non-binding arbitration. My only qualification is that this arbitration be handled under the rules established by the Alameda County Bar Association governing fee arbitration disputes. These are the only rules which I have found which make reference to non-binding arbitration.

Please respond at your earliest convenience with your proposal as to how to proceed with SMCS.

Sincerely,


Edward Levine

**From:** Linda Tripoli <linda@tripolilaw.com>
**To:** Ed Levine <edlevine7@aol.com>
**Subject:** Levine v. City of Alameda
**Date:** Fri, Oct 9, 2009 9:52 am

Ed,
I shared your letter of August 24, 2009 with the City Attorney and am informed that she is acting with the authority and consent of the City Manager and the City Council on this matter. Terri reiterated to me that the City is willing to do what was offered in my prior letters but is not willing to do more. The offers made in my prior letter remain open. If you want to proceed that way, please let me know.
Thank you,
Linda

**Edward Levine**
P.O. Box 1146
Woodacre, CA 94973
(415) 488-1214

September 26, 2009

Linda Tripoli, Esq.
Attorney at Law
708 Gravenstein Highway North, No. 188
Sebastopol, CA 95472

Re: Levine v. City of Alameda

Dear Ms. Tripoli:

Your email of August 27, 2009 acknowledged receipt of my letter of August 24, 2009 and indicated that you would be discussing it with the City Attorney and getting back to me. I have not heard from you since then and am now inquiring as to when I may receive your response. Attached for your convenience is another copy of my August 24 letter.

I look forward to hearing from you in the near future as to how you wish to proceed.

Sincerely,


Edward Levine
.

**From:** Linda Tripoli <linda@tripolilaw.com>
**To:** edlevine7@aol.com
**Subject:** Re: Response to your letter
**Date:** Thu, Aug 27, 2009 12:22 pm

Ed,
Thank you for your letter. I will be forwarding it to and discussing it with the City Attorney and getting back to you.
Also, I have moved and I have the following new contact information.
Linda A. Tripoli
708 Gravenstein Highway North, No. 188
Sebastopol, CA 95472
Office Phone: 707-827-3416
Office Fax: 707-827-3418
Thank you,
Linda


----- Original Message -----
**From:** edlevine7@aol.com
**To:** linda@tripolilaw.com
**Sent:** Thursday, August 27, 2009 12:10 PM
**Subject:** Response to your letter

My letter is attached. I will send a hard copy by mail.

Ed

**Edward Levine**
P.O. Box 1146
Woodacre, CA 94973
(415) 488-1214

August 24, 2009

Linda Tripoli, Esq.
Attorney at Law
One Blackfield Drive, No. 403
Tiburon, CA 94920

Re: Levine v. City of Alameda

Dear Ms. Tripoli:

This is in response to your letter of June 24, 2009 regarding the Ninth Circuit Court of Appeals decision affirming Judge Breyer's District Court ruling that an evidentiary hearing be conducted regarding my case. I apologize for my delay in responding. I have spent much of the summer tending to urgent family matters and without representation by an attorney have been unable to respond until now.

Your letter highlights our primary areas of agreement and disagreement regarding the specifics of Judge Breyer's January 12, 2006 "Memorandum and Order Re: Cross Motions for Summary Judgment" and the clarifications provided at his February 17, 2006 status conference. The Memorandum and Order found that my constitutional due process rights had been violated by the City of Alameda in terminating my employment in February 2004 and ordered that the City provide me with a meaningful opportunity to be heard before a neutral third-party arbiter. Judge Breyer further ruled that this be a full evidentiary hearing and that the City bear all costs for the arbiter. On this, I believe we are in full agreement.

(1)

As you know, Judge Breyer's ruling dealt solely with the due process violation covered under Federal law. It did not assess or attempt to adjudicate the merits of my claim that the City's purported "layoff" was in fact a sham and pretext to accomplish former City Manager Jim Flint's desire to terminate my employment without cause or justification. This will be the focus of the arbitration. Although your briefs on behalf of the City presented arguments to dispute this claim, the briefs submitted by my former attorney Roger Carnegey presented strong arguments (based on witness depositions) to support it. Needless to say, after over five years of legal proceedings my claim remains alive and in dispute. The purpose and intent of Judge Breyer's ruling was to have the merits of my claim fairly considered and resolved through arbitration. On this, I believe we are also in agreement.

In the second paragraph of your letter you state that "...we have a significant difference of opinion regarding your contention that Judge Breyer ordered the City to provide you with due process in the form of *binding arbitration*". This is incorrect. Thorough review of my emails and letters to you following Mr. Carnegey's withdrawl from the case indicate no such contention. While I make frequent reference to Judge Breyer's ruling that this be submitted for *arbitration* (by my count the word occurs sixteen times in the transcript of the February 17, 2006 status conference), at no time did I contend that this must be *binding arbitration*. My sole interest is that my claim be considered and fairly resolved consistent with Judge Breyer's ruling. As a public entity, I'm certain the City of Alameda shares this interest.

Although I am not an attorney, it seems clear that the most direct way to accomplish this and avoid further legal action is through binding arbitration. Let me point out that the statement on page 2 of your letter that "..Judge Breyer clearly and unequivocally declined ..." to order binding arbitration misrepresents his position. On page 7, lines 9-12 of the status conference transcript Judge Breyer states.

> "It's the Court's intention not to limit the authority of the arbitrator. I don't know what the limits are. I don't know what the scope is, but I'm not limiting. You have what you have, as you would after."

This statement clearly indicates that Judge Breyer refused to take a position as to <u>whether or not</u> my claim should be submitted for binding arbitration. It is clear from the numerous times which the transcript refers to "arbitrator" and "arbitration" (as well as its mention of the American Arbitration Association, the Federal Mediation Conciliation Service, and JAMS as the potential arbitrators) that the third-party neutral referenced in Judge Breyer's ruling should be a recognized or certified arbitrator. I am open to using any mutually agreed upon third-party, as long as he or she meets these criteria.

As we've discussed, the furtherance of this case has imposed a substantial financial, time and emotional burden on me over the last five and one-half years. I would not have started it or persevered this long without believing that I have a strong and valid claim. You and your client may disagree; however, as a public entity I'm certain the City's fundamental priority is to see the case concluded in a fair and just way. If an arbitrator finds that Mr. Flint acted appropriately and in good faith, I will accept that decision and move on with my life. If, on the other hand, an arbitrator finds that Mr. Flint acted in bad faith, the City should be expected to comply with any imposed remedy.

My main objective is to conclude this matter consistent with the above criteria at the earliest possible date. If this can be accomplished through non-binding arbitration, I would be happy to consider the alternative. The only thing which I cannot agree to is a non-binding process where a remedy in my favor may be unilaterally rejected by the City.

For the record, I need to correct two other misleading statements in your letter. The first is regarding the dismissal of the state court lawsuit filed on my behalf by Mr. Carnegey. As you know, this lawsuit was to obtain a remedy for the due process violation. It had nothing to do with my underlying charge of pretext and sham which will be the focus of the arbitration. Your second error was in misrepresenting my comments regarding the City's costs for the arbitration. At no time did I say or infer that I "...preferred to cost the City extra money" in this process.

(3)

What I did say is that I would not agree to an arbitrator or arbitration criteria which I believed to be biased against my case, solely for the purpose of saving the City money. Considering our prior cordial (albeit adversarial) relationship, I presume your statement resulted from a misunderstanding and was not a deliberate misrepresentation. In either case, it should be retracted.

Your letter's concluding paragraph restates Judge Breyer's direction that the arbitrator and arbitration criteria be determined by *mutual agreement*. The Judge's intent was surely not to grant the City a veto over key provisions of the process (such as whether or not the arbitration is binding). Your court briefs and oral arguments clearly state the City's strong opposition to any form of evidentiary hearing or arbitration. Given this position, your client could substantially delay or undermine Judge Breyer's ruling by taking non-negotiable positions on key arbitration provisions. This is clearly not what Judge Breyer intended when he ruled that these matters be worked out through *mutual agreement*. This requires negotiation and compromise on both sides.

This letter presents ideas to move the process forward. I hope you will respond in kind. If you believe we are deadlocked, I respectfully request that this letter be forwarded to the City Manager and Council for their advice and direction. If we cannot work things out through mutual agreement, I will have no alternative but to request further clarification and direction from Judge Breyer.

Please let me know how you wish to proceed.

Sincerely,

Edward Levine

(4)

# LINDA A. TRIPOLI
### — INCORPORATED —
### ATTORNEY AT LAW

ONE BLACKFIELD DRIVE, NO. 403 · TIBURON, CA 94920
TEL: (415)380-8822 · FAX: (415)380-8868 · E-MAIL: LINDA@TRIPOLILAW.COM

June 24, 2009

*Via E-mail and U.S. Mail*

Edward Levine
P.O. Box 1146
Woodacre, CA 94973

      Re:   *Levine v. City of Alameda*

Dear Mr. Levine:

      I apologize for the delay in getting back to you and appreciate your patience. I do want to point out that on several occasions, starting not that long after the decision by the Ninth Circuit Court of Appeals in May of 2008, I asked Roger Carnagey, during various telephone calls and in written communications, about how you and he wished to proceed with regard to the evidentiary hearing before a third party neutral ordered by Judge Breyer. (Please see attached e-mails.) As I recall, the next communication after my January 7, 2009 email to Mr. Carnagey was your letter dated March 3, 2009.

      As you know, we have a significant difference of opinion regarding your contention that Judge Breyer ordered the City to provide you with due process in the form of *binding arbitration* with regard to your lay off as Property Development Manager from the City of Alameda.

      In Judge Breyer's January 12, 2006 "Memorandum and Order Re: Cross Motions for Summary Judgment," Judge Breyer ruled, in relevant part,

> Plaintiff may also receive the due process that was denied him. In this case, he must receive a meaningful opportunity to be heard regarding his objections to his layoff. After this extensive litigation, the Court finds that any individual working for the City is not sufficiently neutral to provide a proper opportunity to be heard. As a result, the Court orders defendant Flint to provide a meaningful opportunity to be heard before a neutral third-party to be determined by mutual agreement between the parties. Defendant Flint shall bear all costs for the neutral arbiter.

Subsequent to the issuance of Judge Breyer's order, the parties asked for clarification, which Judge Breyer provided at the February 17, 2006 status conference.

In your April 8, 2009 email, you indicate that the transcript of the status conferences contains numerous references to "arbitration" and a prospective "arbitrator." You also state that the January 12, 2006 Order uses the term "arbiter."

I note that an "arbiter" is not necessarily an "arbitrator." More significant is the fact that Judge Breyer's Civil Minutes after the status conference do not state anything about an "arbitrator" or "arbitration" and certainly nothing about "binding arbitration." It states, "The Court rules that plaintiff is entitled to a full evidentiary hearing and that it be conducted by a third neutral party." (Copy attached.)

I have now had the opportunity to review the entire transcript from the February 17, 2006 status conference and it confirms my understanding and recollection that while Mr. Carnagey attempted to get Judge Breyer to clarify that the City had to provide you with binding arbitration, Judge Breyer clearly and unequivocally declined to do so.

Please note the following: On page 3 of the transcript, at line 13 through page 4, line 4 (page 199 – 200 in the record), Judge Breyer specifically ponders the situation if the third party neutral (who he refers to as an "arbitrator" here) were to find "sham" or "pretext" associated with your layoff. Judge Breyer states,

> Let's say the arbitrator finds a sham or pretext, well, then, the question is what remedies does the plaintiff have? He may have some state court remedies. He may have immediate remedies. I don't know.

> I mean, I have gone through the various claims of the plaintiff with respect to how he was treated from a federal point of view, and it appeared to me that he had one claim that lasted, which was his due process. I have now addressed the due process claim.

> So I'm saying I'm not projecting where it would be, but I don't think it's me. I think it goes to state court and if there is some violation, a pretext or sham, I suppose it matters whether - - it was a pretext, it was a sham, what it was, I don't know, but it's there in state court. Have at it, if there is anything to it.

> I'm not saying you can't come back here, but I don't quite know how you would come back here.

Judge Breyer says, "Have your hearing. Have it, a full evidentiary hearing and have it before a *neutral*."

The exchange continued, and in response to my question to Judge Breyer with regard to whether or not the findings of the "arbitrator" would be binding on the City, Judge Breyer states, "No idea, and that's exactly what I mean. I have no idea of the legal impact of anything after it's done." (Page 4, lines 18 – 22) Later when Mr. Carnagey asked about remedies, Judge Breyer again states that he does not know what the scope of the "arbitrator" is and states, "Now, how you enforce it, how it works, I don't know. I don't do state court hearings." (Page 7, lines 13 – 14)

From a reading of the entire exchange and the wording of both Orders, it is clear that Judge Breyer did not order the City to provide you with binding arbitration and the City is not going to do so.

It is also important to remember that Mr. Carnagey attempted to obtain state court remedies for you, presumably following Judge Breyer's observations, but your state court lawsuit was dismissed, in its entirety and with prejudice on September 15, 2008.

When we were discussing the selection of persons to conduct your due process hearing, I suggested using an individual from the State of California State Mediation and Conciliation Service (SMCS) instead of the American Arbitration Association (AAA) panel, which you suggested. I explained that AAA is more expensive and has burdensome administrative processes in connection with setting up the hearing. You replied something to the effect that you preferred to cost the City extra money.

I'm sorry that you feel that way, but Judge Breyer stated that the individual is to be selected by *mutual* agreement and the City is not agreeable to using AAA. The City remains ready and willing to attempt to agree to an individual from SMCS. The agency website is: http://www.dir.ca.gov/csmcs/smcs.html.

Please let me know how you would like to proceed.

Sincerely,

Linda A. Tripoli

cc:     Teresa Highsmith

From: edlevine7@aol.com
To: linda@tripolilaw.com
Subject: Re: Levine/Alameda
Date: Wed, 27 May 2009 3:31 am

Linda,
I've been waiting almost a month for your reply to my May 1 email. Please respond as soon as possible regarding the arbitration process. I do not wish to make a settlement demand at this time but would be pleased to consider a proposal from the City consistent with the parameters discussed in our prior telephone conversation.

Ed


-----Original Message-----
From: Linda Tripoli <linda@tripolilaw.com>
To: edlevine7@aol.com
Sent: Tue, 5 May 2009 12:21 pm
Subject: Re: Levine/Alameda

Ed,
    I have a hearing tomorrow and Thursday but should be able to get to this after that.
    With regard to any settlement, the starting point would be for you to make a settlement demand which I would forward to the City.
Thanks,
Linda

----- Original Message -----
From: edlevine7@aol.com
To: linda@tripolilaw.com=2 0
Sent: Friday, May 01, 2009 12:48 AM
Subject: Re: Levine/Alameda

Linda,

 Thanks for the quick response. The remainder of the transcript (about 3 or 4 pages) made no mention of arbitration one way or the other so I didn't bother copying them for you. Let me know if you can't find the transcript and I'll send the missing pages. I'm confident that after your review you will agree that Judge Breyer did indeed order that we proceed to arbitration. Once we agree on this I'd like to meet with you to work out the procedure for selecting an arbitrator and the rules governing the arbitration. Given the very long time that this case has been in process, I sincerely hope that we can reach agreement on these details quickly and proceed to the arbitration ASAP. As discussed in our earlier telephone conversation, I am also receptive to settling the matter in lieu of arbitration.

Ed


-----Original Message-----
From: Linda Tripoli <linda@tripolilaw.com>
To: Ed Levine <edlevine7@aol.com>
Sent: Wed, 29 Apr 2009 12:55 pm
Subject: Levine/Alameda

Ed,
    I got your letter but not all of the tran script was there.  I will need to find my

copy and then get back to you.
Thank you,
Linda

Join ChristianMingle.com® FREE! Meet Christian Singles in your area. Start now!

Dinner Made Easy – Get meal ideas and money-saving coupons! Get Recipe Ideas!

**Edward Levine**
P.O. Box 1146
Woodacre, CA 94973
(415) 488-1214

April 21, 2009

Linda Tripoli, Esq.
Attorney at Law
One Blackfield Drive, No. 403
Tiburon, CA 94920

Re: Levine v. City of Alameda

Dear Ms. Tripoli:

In response to your request I have attached a copy of the Transcript of Proceedings for the February 17, 2006 meeting with Judge Breyer attended by you and Roger Carnagey. Judge Breyer states clearly that my case should progress through arbitration.

I am also attaching the Guidelines for Employment Arbitration published by the National Academy of Arbitrators. I am receptive to selecting the arbitrator through either NAARB or AAA and propose that we proceed consistent with the attached guidelines. I suggest that we arrange to meet during the next week or two to discuss details relating to the arbitration. Please advise me as to your availability.

Sincerely,


Edward Levine

**From:** Linda Tripoli <linda@tripolilaw.com>
**To:** edlevine7@aol.com
**Subject:** Re: Levine and City of Alameda
**Date:** Fri, 10 Apr 2009 11:04 am

Ed,

I'm having trouble finding that transcript. Could you please e-mail it, fax it (415-380-8868) or mail a copy to me?

Thanks,

Linda

> —— Original Message ——
> **From:** edlevine7@aol.com
> **To:** linda@tripolilaw.com
> **Sent:** Wednesday, April 08, 2009 1:50 AM
> **Subject:** Re: Levine and City of Alameda
>
> Linda,
>
> Sorry for delay in getting back to you. ,In recent weeks I've been spending almost all my time caring for my injured mother. Now that she's somewhat better, I'm getting back to business.
>
> In response to your question, please refer to the Transscript of Proceedings of the February 17, 2006 meeting which you and Roger Carnegey held with Judge Beyer. You will recall that the purpose of this meeting was to get direction and/or clarification regarding issues raised relating to the Court order. This transcript contains numerous references to "arbitration" and a prospective "arbitrator". Additionally, the last sentence in the Court Order's statement of Appropriate Remedy refers to a "neutral arbitor".
>
> Based on this, it's clear that Judge Breyer's order calls for a full evidentiary hearing (i.e.- an "arbitration") before a third party "arbitrator". If you disagree and intend to object to proceeding with a formal arbitration process we will need to go back to Judge Breyer for clarification. Please inform me of your position at your earliest convenience.
>
> Ed Levine .
>
> —–-Original Message—–
> **From:** Linda Tripoli <linda@tripolilaw.com>
> **To:** edlevine7@aol.com
> **Sent:** Wed, 25 Mar 2009 11:42 am
> **Subject:** Re: Levine and City of Alameda
>
> Ed,
>
> Thank you. In furtherance of our discussion about your use of the term "arbitration" to discuss the hearing, could you please forward to me the Court order or judgment upon which you are relying to call the hearing an arbitration? I understand that you believe you saw or heard references to that term in one of the hearings but it is what is in the orders and judgments which govern.
> Thank you,
> Linda
>
> > —— Original Message ——
> > **From:** edlevine7@aol.com
> > **To:** linda@tripolilaw.com
> > **Sent:** Wednesday, March 25, 2009 2:10 AM
> > **Subject:** Re: Levine and City of Alameda

Hi Linda,

I enjoyed speaking with you and hope that we'll be able to proceed through the arbitration process as quickly and painlessly as possible. I'l review your attachment and get back to you with my thoughts.

Ed Levine


-----Original Message-----
From: Linda Tripoli <linda@tripolilaw.com>
To: edlevine7@aol.com
Sent: Fri, 20 Mar 2009 2:34 pm
Subject: Levine and City of Alameda

Ed,
    Here is one possible source for a hearing officer.
http://www.dir.ca.gov/csmcs/smcs.html
    As we discussed, please write me a letter explaining how you believe we should proceed from here.
Thank you,
Linda



Need a job? Find employment help in your area.


Save money by eating out! Find great dining coupons in your area.

**Edward Levine**
P.O. Box 1146
Woodacre, CA 94973
(415) 488-1214

March 3, 2009


Linda Tripoli, Esq.
Attorney at Law
One Blackfield Drive, No. 403
Tiburon, CA 94920

Re: Levine v. City of Alameda

Dear Ms. Tripoli:

This is to inform you that Roger Carnagey is no longer representing me in the above referenced case. I am currently seeking a new attorney to represent me on a contingency basis during the court ordered arbitration. To date I have been unsuccessful.

As you know, the arbitration has been postponed for years pending rulings from the Ninth Circuit Court of Appeals and the State Court. In order to reach final resolution of this case, it is now imperative that the arbitration be conducted at the earliest possible date. As a result, I have decided to initiate the arbitration without the aid of an attorney. If I am unable to retain an attorney on a contingency basis, I will represent myself through the full arbitration process.

I am now requesting that we confer as soon as possible to agree on the ground rules for selecting an arbitrator and proceeding with the process. Please contact me at your earliest convenience with dates when you will be available to meet. I hope and expect that this meeting can be scheduled within the next two to three weeks.

Sincerely,


Edward Levine

COPY

Pages 1 - 12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BEFORE THE HONORABLE CHARLES R. BREYER

EDWARD LEVINE,                      )
                                    )
              Plaintiff,            )
                                    )
     VS.                            ) NO. C 04-1780 CRB
                                    )
CITY OF ALAMEDA, a California       )
Charter City, et al,,              )
                                    )
                                    ) San Francisco, California
              Defendants.           ) Friday
                                    ) February 17, 2006
                                    ) 10:00 a.m.
_____ )

### TRANSCRIPT OF PROCEEDINGS

**APPEARANCES:**

**For Plaintiff:**          LAW OFFICE OF RICHARD A. CARNAGEY
                            One Kaiser Plaza
                            Suite 601
                            Oakland, California 94612
                    **BY:  RICHARD CARNAGEY, ESQ.**


**For Defendant:**          **LINDA A. TRIPOLI, ESQ.**
                            One Blackfield Drive
                            #403
                            Tiburon, California 94920


*Reported By:*   *Debra L. Pas, CSR 11916, CRR, RMR, RPR*
                 *Official Reporter - US District Court*
                 *Computerized Transcription By Eclipse*

```
 1              P R O C E E D I N G S

 2   FEBRUARY 17, 2006                        10:00 a.m.

 3

 4           THE CLERK:  C04-1780, Edward Levine versus City of

 5   Alameda.  Appearances, counsel.

 6           MR. CARNAGEY:  Roger Carnagey appearing for

 7   plaintiff.

 8           MS. TRIPOLI:  Linda Tripoli appearing for defendant

 9   City of Alameda and James Flint.

10           THE COURT:  Okay.  So everybody has got questions, or

11   maybe not.  I don't know.  But let me try to clarify where I

12   think we are on it.

13           First, I believe that the plaintiff is entitled to a

14   full evidentiary hearing.

15           Two, it is to be conducted by a neutral person, a

16   third-party neutral person; that is, somebody who is not the

17   present city managers of -- what is it, is it Alameda?

18           MS. TRIPOLI:  City of Alameda.

19           THE COURT:  Some outside person.

20           Now, what would be in the hearing, it seems to me the

21   arbitrator would make findings as to whether the person was

22   fired for cause, whether it was a sham or pretext, whether the

23   person -- whatever the findings would be.  Maybe they are

24   broader than I just stated, but it would be -- it would be a

25   full hearing in that regard.
```

1  I think that's all, I do. I found a due process
2  violation. I'm attempting to remedy the due process violation
3  by giving them a hearing.
4  Now, of course, I'm giving him a hearing after he has
5  been fired. I think he was entitled to a hearing before.
6  Nevertheless, you can't go back and try to reconstruct it as of
7  the day he got the notice or letter because he's out. So I
8  don't even know that there are remedies that I need to address.
9  If it turns out a particular way, that is, if the --
10  if the arbitrator, as an example, finds there is not a pretext,
11  not a sham, totally proper, that's the end of the matter as far
12  as I know.
13  But let's say the arbitrator doesn't. Let's say the
14  arbitrator finds a sham or pretext, well, then, the question is
15  what remedies does the plaintiff have? He may have some state
16  court remedies. He may have immediate remedies. I don't know.
17  I mean, I have gone through the various claims of the
18  plaintiff with respect to how he was treated from a federal
19  point of view, and it appeared to me that he had one claim that
20  lasted, which was his due process. I have now addressed the
21  due process claim.
22  So I'm saying I'm not projecting where it would be,
23  but I don't think it's me. I think it goes to state court and
24  if there is some violation, a pretext or sham, I suppose it
25  matters whether -- it was a pretext, it was a sham, what it

1  was, I don't know, but it's there in state court.  Have at it,

2  if there is anything to it.

3          I'm not saying that you can't come back here, but I

4  don't quite know how you would come back here.  But it's the

5  danger, I guess, of courts spitting out, you know, making

6  assumptions upon assumptions and seeing where you are going to

7  be.

8          This is an unusual case.  The first one of this kind

9  I have ever had, so I can't be comfortable that I can tell you

10 how it would go after the next step, and all I wanted to do is

11 tell you this is what the next step is.  That I can tell you.

12         Have your hearing.  Have it, a full evidentiary

13 hearing and have it before a neutral.  Now, that's what I think

14 I needed to tell you.

15         **MS. TRIPOLI:**  Two questions.

16         **THE COURT:**  Sure.  This is your opportunity because I

17 don't want to see anybody else on this case.

18         **MS. TRIPOLI:**  Your Honor, in terms of the arbitrator

19 making findings, those findings then are binding on the city

20 manager or those are findings that are --

21         **THE COURT:**  No idea, and that's exactly what I mean.

22 I have no idea of the legal impact of anything after it's done.

23         Maybe plaintiff will say in light of those findings I

24 have certain claims and you might come back and say, so what.

25 Those are the findings, but you don't have any claims.  I don't

1  know.

2  I mean, it may seem like a useless test, but it's,

3  like, where do we go from here?

4  And the problem with the here is that the here should

5  have been there. You know, it should have already occurred.

6  It didn't occur, so it now will occur and we will just have to

7  see how it is.

8  But I want to make sure that the hearing comports

9  with basic due process, in my view, of what basic due process

10  is and so that's why it has to be a neutral. That's why it

11  should be full. I'm not limiting the issues.

12  An arbitrator may limit the issues if the arbitrator

13  so chooses, but I think it ought to be a full hearing.

14  And I was sort of curious. I wanted to ask you a

15  question, Miss Tripoli. I was curious. Let's assume that an

16  employee is terminated in the regular course of employment and

17  claims that they have been improperly terminated. In other

18  words, we don't have a timing problem as we did in this

19  particular case, but there would have been a hearing.

20  **MS. TRIPOLI:** Well, your Honor, without getting into

21  the semantics, it be would have been an opportunity to respond

22  and that goes to the question in terms of the Court's direction

23  that it be a full evidentiary hearing because my understanding

24  of _Loudermill_ and _Clements_ was that it was something less than

25  a full evidentiary hearing.

1      **THE COURT:**  I'm giving a full evidentiary hearing

2   here.  Too many things.  The time periods have passed.  It's no

3   longer fresh in people's minds.

4      I don't want to restrict the nature of the hearing

5   that is taking place.  It's impossible to restore the person

6   back exactly to where they would have been prior to their

7   walking out of a place, so it's just unrealistic and it's not

8   going to change it.

9      I mean, you are either going to have a case or not

10  have a case.  You have come in and you have said -- and I can

11  understand your argument -- the job disappeared essentially.

12  This is the one about the golf course.

13      **MS. TRIPOLI:**  Right, project manager.

14      **THE COURT:**  You say, that was it.  And plaintiff says

15  no, no, no, that wasn't it.  And he has his other arguments as

16  well, but he says, no, that wasn't it.  Well, have at it.

17      **MR. CARNAGEY:**  Two questions, your Honor.  One is

18  when the Court refers to a full evidentiary hearing, are we

19  talking typically what would happen if Mr. Levine had been

20  terminated for cause and he had appealed through the process,

21  he would have gone to an evidentiary hearing before the Civil

22  Service Commission or some other neutral or some other entity

23  that would have authority to make findings?

24      **THE COURT:**  That's exactly -- that was the question I

25  intended to ask.

1    **MR. CARNAGEY:** If the findings were in Mr. Levine's
2  favor, that entity would be allowed to award, make whole
3  relief, back pay --

4    **THE COURT:** I have no idea about the remedies and I'm
5  not going to order the remedies.

6    **MR. CARNAGEY:** Is the Court's intent that the
7  arbitrator that we go to and that we select to hear this matter
8  has the authority?

9    **THE COURT:** It's the Court's intention not to limit
10 the authority of the arbitrator. I don't know what the limits
11 are. I don't know what the scope is, but I'm not limiting.
12 You have what you have, as you would after.

13    Now, how you enforce it, how it works, I don't know.
14 I don't do state court hearings.

15    **MR. CARNAGEY:** I understand. I think I understand
16 your position. I know I understand the position of the Court
17 and that clarifies things tremendously, but the next question
18 that I have, plaintiff has, is the Court had given an order.
19 The order included certain tasks be undertaken by Mr. Flint and
20 Mr. Flint is no longer employed by the city.

21    **THE COURT:** It's not Mr. Flint. It's the city, isn't
22 it?

23    **MR. CARNAGEY:** Okay. That's what we are trying to
24 clarify. When the Court refers to Mr. Flint --

25    **THE COURT:** I'm referring to the city.

1          MR. CARNAGEY:  City of Alameda?

2          THE COURT:  City of Alameda.

3          MR. CARNAGEY:  You are referring to him in his

4    position as city manager?

5          THE COURT:  Yes, yes, yes.

6          MR. CARNAGEY:  Fine.

7          MS. TRIPOLI:  Finally, your Honor, last question, I

8    hope.  We are using the -- some of us are using the term

9    arbitrator and in the employment field that has a traditional

10   meaning of a labor arbitrator, but if I understand the Court's

11   decision, we are talking about a third-party neutral.  It

12   doesn't necessarily have to be a labor arbitrator as long as

13   the person is a third party and is neutral.

14         THE COURT:  If he had been fired for cause and he

15   wanted to -- wanted to object to it and happened to be given a

16   hearing --

17         MS. TRIPOLI:  He would not have had the opportunity

18   to go before a labor arbitrator.

19         MR. CARNAGEY:  He would have gone before a Civil

20   Service Commission, which is part of a city.  We are again in a

21   rarefied environment.

22         THE COURT:  I'm not going to limit the type of

23   arbitrator.  Now, are you saying that you may have some

24   difficulty in choosing?

25         MR. CARNAGEY:  I think we will.

1    **MS. TRIPOLI:** Your Honor, in this field when public

2  agencies have to do hearings with outside people, there are a

3  number of different sources that they oftentimes use, similar

4  level people from other than public agencies. There are

5  administrative law judges from the State of California that are

6  available and unions and employers can bargain and use labor

7  arbitrators, commercial labor arbitrators, for example, from

8  the American Arbitration Association.

9    And in this case if he had been terminated for cause,

10  he would have gone, if he had wanted, to the final level, the

11  Civil Service Commission.

12    **THE COURT:** You are not going to go before the Civil

13  Service Commission.

14    **MS. TRIPOLI:** They don't have the jurisdiction, your

15  Honor.

16    **THE COURT:** Well, give me some thoughts on this.

17    **MR. CARNAGEY:** Well, without getting caught in the

18  muck and array of problems that arise from having an

19  undesignated selection process for a third-party neutral.

20    **THE COURT:** That's what I'm bothered by.

21    **MR. CARNAGEY:** Typically the way it's done is the

22  parties agree to have a list provided either by Triple A, the

23  Federal Mediation Conciliation Service, whatever it may be, of

24  arbitrators and then they strike until they find one.

25    **THE COURT:** Haven't we spent enough time on this?

1   Why can't -- oh, this is the city, you know.  It seems to me

2   they should be satisfied.  They are unhappy enough with the

3   process.  They should be satisfied enough with somebody off a

4   Triple A panel or something like that.  It's not that

5   expensive, is it?

6               MS. TRIPOLI:  Actually, it is.

7               THE COURT:  Not as expensive as JAMS would be.

8               MS. TRIPOLI:  That's true.  Might I suggest that the

9   parties have agreed to go back to mediation on March 22nd and

10  might I suggest that if we --

11              THE COURT:  I leave it up to you.  You guys try to

12  work it out.  I strongly urge you to get a name off of a

13  neutral panel.

14              I mean, I could -- well, I don't know that this is

15  the case for it.  See, I can ask -- I'm not sure I should.  I

16  mean, I could ask some -- I could ask some arbitrator to handle

17  it on a pro bono basis, but it seems to me that this -- this

18  doesn't -- it's not like everybody is indigent in this case.

19              MR. CARNAGEY:  That's correct.  And, your Honor, what

20  facilitates the selection process is when both parties trust

21  that the pool of people that they are picking from or selecting

22  from actually has experience in the area rather than having

23  somebody outside from an agency.

24              THE COURT:  They should have some experience, I would

25  hope, but also no bias.  That's the important thing.

1         Your client, the plaintiff, feels that he has been

2 unfairly treated. That's his perception, so on and so forth.

3         So I tried to address it by getting it out of the

4 city system and that goes, I think, a long way, but you don't

5 want to sort of march right back into the fire of it.

6         I think it's very important that both sides have some

7 confidence in the fairness of the process of selecting an

8 arbitrator. I really do.

9         I think everybody is adult here and you just -- you

10 know, you have got to limit yourself. It's not so important to

11 win this case. It actually is important -- I know lawyers.

12 You have got clients, but it's actually important to the

13 process that when the day is over, the plaintiff thinks he's

14 got a fair shake, even though he may think that the conclusion

15 was wrong. And that the city feels, okay, they have to go

16 through this process, but we gave them -- we really did give

17 them due process.

18         **MR. CARNAGEY:** Yes, that's a fair assessment, your

19 Honor.

20         **MS. TRIPOLI:** Thank you, your Honor. Thanks so much.

21         **THE COURT:** Thanks for coming in. Usually I don't

22 like to do this sort of thing, but I think it was a bit murky

23 in what I wanted you to do.

24         **MR. CARNAGEY:** The Court has helped tremendously. We

25 appreciate it.

1      **MS. TRIPOLI:**  Thank you, your Honor.

2      **MR. CARNAGEY:**  Thank you, your Honor.

3      (Whereupon, further proceedings in the

4      above matter were adjourned.)

5

6                    --oo--

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

*Debra L. Pas, CSR, CRR, RMR, RPR*
*Official Reporter - U.S. District Court - San Francisco, California*
*(415) 431-1477*

## CERTIFICATE OF REPORTER

I, DEBRA L. PAS, Official Reporter for the United States Court, Northern District of California, hereby certify that the foregoing proceedings in C04-1780 CRB, EDWARD LEVINE versus CITY OF ALAMEDA, et al, were reported by me, a certified shorthand reporter, and were thereafter transcribed under my direction into typewriting; that the foregoing is a full, complete and true record of said proceedings as bound by me at the time of filing.

The validity of the reporter's certification of said transcript may be void upon disassembly and/or removal from the court file.

*Debra L. Pas*

Debra L. Pas, CSR 11916, CRR, RMR, RPR

Wednesday, September 6, 2006

P.O.&
Woodacre, CA
94973

CERTIFIED MAIL

7009 1680 0000 9200 4884

RECEIVED APR 14 2010

Honorable Charles Breyer
United States District Court
Northern District of Calif.
450 Golden Gate Avenue
San Francisco, CA

94102

RECEIVED
APR 14 2010
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES POSTAGE
PITNEY BO
$ 007.3
02 1P
000441 10203  APR 12 2
MAILED FROM ZIP CODE 94